**MALONEY v. NEW YORK, N. H. & H. R. CO.**

United States District Court
S. D. New York.
Dec. 13, 1949.

O'Neill, Higgins & Latto, New York City, for plaintiff.

Edward R. Brumley, New York City, for defendants.

NOONAN, District Judge.

This is a motion by the defendant for an order under Sec. 1404(a) of the United States Code, Annotated, transferring this action to the United States District Court for the District of Massachusetts.

The action has been brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and was commenced in this district pursuant to the provisions of Section 6 of said Act, 45 U.S.C.A. § 56.

The plaintiff as administratrix of the estate of her late husband, James J. Maloney, has filed this action in this court to recover damages on her own behalf as his surviving widow, and on behalf of her infant child, for the decedent's death on July 27, 1948, at defendant's Freight Terminal, at

Boston, Massachusetts, while he was acting in the defendant's employ.

The defendant, in support of its motion to transfer, states that at the trial, it expects to have present the following necessary witnesses:

(a) Five members of the switching engine crew which shunted the car which struck and killed the deceased.

(b) Four surviving members of the switching engine crew with which the deceased was working when he was killed.

(c) An assistant yardmaster, switchman and a freight conductor who were present in the yard when deceased was killed.

(d) An assistant track supervisor who examined the scene of the accident afterwards.

(e) A shop foreman who took measurements after the accident.

(f) A car inspector who examined the car which struck the deceased.

(g) Two draftsmen who made maps of the area of the accident.

(h) A photographer who took pictures of the scene of the accident.

This is a total of eighteen witnesses, seven of whom defendant alleges are not now in its employ.

Defendant's witnesses are said to live within a radius of 25 miles of Boston with the exception of one, who, it is stated, lives in Rhode Island. Defendant's counsel gives an estimate of three to four days for the trial of this action, and it would appear that such estimate is fair. It is further anticipated by defendant's counsel that such witnesses will have to come to New York and remain for a period of several days, involving expenditures for lodging, subsistence, lost pay and, in the instance of non-employees, travel costs. The court notes that the distance between New York and Boston is approximately 229 miles. Plaintiff argues that, while the defendant is not incorporated under the laws of New York, it does a substantial amount of its business in this district, and the office of its general counsel is located in New York City. Nevertheless, it is not denied that the plaintiff is a resident of Massachusetts, and

plaintiff's counsel does not set forth that any of plaintiff's witnesses live outside the vicinity of Boston, where the accident is alleged to have occurred, nor is it claimed by plaintiff that any event related to this case took place outside this same vicinity.

■ It can now be stated unequivocally that there is no conflict between the provisions or application of Sec. 1404(a), of Title 28 United States Code, Annotated and Sec. 6 of the Federal Employers' Liability Act. The language of Sec. 1404(a), Title 28 U.S. C.A. is clear and unambiguous and effects no change or modification of a plaintiff's rights under Sec. 6 of the Federal Employers' Liability Act.

In Ex parte Collett, 337 U.S. 55, 60, 69 S.Ct. 944, 947, 959, the Court stated: "Section 6 of the Liability Act defines the proper forum; § 1404(a) of the Code deals with the right to transfer an action properly brought. The two sections deal with two separate and distinct problems."

■ The doctrine of forum non conveniens is applicable to actions under the Federal Employers' Liability Act. Ex Parte Collett, supra. As the court said in that case, 337 U.S. at page 60, 69 S.Ct. at page 947: "Section 1404(a) does not limit or otherwise modify any right granted in § 6 of the Liability Act or elsewhere to bring suit in a particular district."

This action has been properly brought in this district. The question that must now be determined is whether or not, under the provisions of Section 1404(a) of Title 28 U.S.C.A., the facts in this case warrant the granting of defendant's motion to transfer this cause to the United States District Court for the District of Massachusetts. Sec. 1404(a) of the U.S.C.A. provides: "Section 1404. Change of Venue (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ In essence, the section just quoted is a codification of the doctrine of forum non conveniens and does not alter the rule set forth in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

Cf. Auburn Capitol Theatre Corp. et al. v. Schine Chain Theatres, Inc. et al., D.C., 83 F.Supp. 872. It is significant that in the Reviser's notes, Title 28 U.S.C.A., it is stated that Section 1404(a) "was drafted in accordance with the doctrine of forum non conveniens." What circumstances must be present in order to justify or require the transfer of an action from one district to another, may not easily be catalogued. Gulf Oil Corp. v. Gilbert, supra. In the latter case, however, the court did note certain factors which should be considered in this connection. These may be succinctly stated as: (a) relative ease of access to sources of proof; (b) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (c) possibility of view of premises, if such be appropriate; (d) all other practical problems that may make the trial of a case easy, expeditious and inexpensive.

The court significantly adds [330 U.S. 501, 67 S.Ct. 843]: "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

The instant case is clearly distinguishable on its facts from Naughton v. Pennsylvania R. Co., D.C., 85 F.Supp. 761, for in this case none of the plaintiff's witnesses are alleged to reside in this district, nor, further does plaintiff make any showing that any witnesses on her behalf reside in any place beyond the vicinity of the place at which the accident allegedly occurred, namely, Boston, Massachusetts.

In Gulf Oil Corporation v. Gilbert, supra, the court in considering the application of the doctrine of forum non conveniens, 330 U.S. at page 509, 67 S.Ct. at page 643 noted: "The plaintiff * * * is not a resident of New York, nor did any event connected with the case take place there, nor does any witness with the possible exception of experts live there."

The court further said: "His (plaintiff's counsel) affidavits and argument are devoted to controverting claims as to defendant's inconvenience rather than to showing that the present forum serves any convenience of his own, with one exception." (Matter in parenthesis supplied.)

■ The plaintiff also urges that this action was instituted prior to the decision of the Supreme Court in Ex parte Collett, supra, and thus the doctrine laid down in such case has no bearing on the issue now before this court. However, a similar argument was essentially disposed of by the Supreme Court in the Collett case, where the court quoted from its decision in Crane v. Hahlo, 258 U.S. 142, 147, 42 S.Ct. 214, 216, 66 L.Ed. 514, as follows: "No one has a vested right in any given mode of procedure * * *."

The decisions relied on by plaintiff are not applicable in this case because of elements not here existing. In Perry v. Atchison, T. & S. F. Ry. Co., D.C., 82 F.Supp. 912, the court, in denying the motion to transfer, considered the additional factor that, on September 13, 1948, the case had been set for trial for December 2, 1948, and the motion for a change of venue was filed on October 8, 1948. A comparable situation existed in Brainard v. Atchison, T. & S. F. Ry. Co., D.C., 81 F.Supp. 211, where it appeared that the case would go to trial in one week. The action herein was instituted on November 5, 1948 and bears calendar No. 1691. It is not yet on the jury reserve calendar. The highest number reached in regular order on the jury reserve calendar is 700. The court is informed that it will be at least October, 1950, before this case reaches the day calendar and is assigned for actual trial.

■ The plaintiff also claims that this motion should be denied because of defendant's delay in requesting a change of venue. It had not been resolved until the decision of the Supreme Court in Ex parte Collett, decided on May 31, 1949 that Sec. 1404(a) was applicable to actions under the Federal Employers' Liability Act. Prior to the revision of Title 28 U.S.C.A., effective September 1, 1948, the doctrine of forum non conveniens was not applicable to actions instituted under the Federal Employers' Liability Act. Baltimore & O. R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222. Defendant's present motion was originally returnable on October 11, 1949 and was adjourned to the present time at the request of plaintiff's

counsel. In view of these circumstances, I do not believe that plaintiff will be prejudiced by defendant's failure to make this motion at an earlier date. It also appears, according to the uncontradicted statement of defense counsel, that if transferred to the District Court of Massachusetts, his case might be set for trial, in Boston, in April or May 1950. The transferring of the cause, therefore, would advance and not delay the trial of this action.

For the foregoing reasons, and considering the convenience of the parties and witnesses and in the interest of justice, the motion is accordingly granted.