UNITED STATES v. SCOTT & WILLIAMS, Inc., et al.

United States District Court.
S. D. New York.

Jan. 26, 1950.

Melville C. Williams, Lester L. Jay, Special Assistants to the Attorney General, John V. Leddy, Special Attorney, Washington, D. C., for the United States.

Sullivan & Cromwell, New York City, Inzer B. Wyatt, New York City, of counsel, attorneys for defendants.

IRVING R. KAUFMAN, District Judge.

The defendants herein have moved to transfer this action to the District Court for the District of Massachusetts, pursuant to Section 1404(a) of Title 28 of the United States Code Annotated, which provides that "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This is an anti-trust suit and the complaint alleges that the corporate defendant, Scott & Williams, and its president, Ralph E. Thompson, have combined and conspired beginning in or about 1917 to restrain and monopolize interstate trade and commerce in seamless hosiery machinery and to restrain foreign commerce in said hosiery machinery in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2; the complaint prays for such equitable relief as may be necessary to terminate said monopoly and dissipate its effects. It has been held that Section 1404(a) is applicable to civil suits by the Government against corporations under the anti-trust laws. United States v. National City Lines, 1949, 337 U.S. 78, 69 S.Ct. 955. The question before the Court is whether the defendants have made such a special showing of justification for transfer of this action to Massachusetts as to satisfy the requirements of Section 1404(a).

Section 1404 (a) is a comparatively recent enactment. Its interpretation has not been uniform. The courts have differed in determining whether Section 1404(a) is but a codification of the doctrine of *forum non conveniens,* which does not change the criteria set forth by the Supreme Court in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, to be applied in determining the appropriateness of a given forum, (Maloney v. N. Y., N. H. & H. R. Co., D.C.S.D.N.Y., 88 F.Supp. 568; Auburn Capital Theatre v. Schine Chain Theatres, D.C.S.D.N.Y.1949, 83 F. Supp. 872), or whether such section has introduced "a new principle into Federal judicial procedure." United States v. Dupont, D.C.D.C.1949, 83 F.Supp. 233.

The Reviser's Notes with reference to Section 1404 state that "Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper." These Notes carry great weight in the construction of the Section. See United States v. National City Lines, 1949, 337 U.S. 78, 81, 69 S.Ct. 955; Ex parte Collett, 1949, 337 U.S. 55, 57-58, 69 S.Ct. 944, 959, and on the basis of those Notes it would seem that Section 1404(a) is but a codification of the doctrine of *forum non conveniens.* However, the Court is in agreement with Judge Ryan, who, in the recent case of Ferguson v. Ford Motor Company, D.C.S.D.N.Y. 1950, 89 F.Supp. 45, 50, construing Section 1404(a) stated that " * * * the remedy available under Section 1404(a)—i. e. transfer—differs from and is less harsh than the remedy available under *forum non conveniens*—i. e. dismissal * * *." and that " * * * the court in the course of balancing the various factors which must be examined to determine the availability of a remedy, as set forth in the Gulf Oil case, supra, will give different emphases to those factors * * * and require less of a showing of 'abuse of process' while being more willing to grant relief on a showing of inconvenience."

However, though the showing of inconvenience required may be less under Section 1404(a), the criteria which the Court must consider and appraise in determining a motion pursuant to that Section are derived principally from *forum non conveniens* cases particularly Gulf Oil v. Gilbert, supra. See Ferguson v. Ford Motor Co., supra, 89 F.Supp. at p. 45.

■ The criteria that are relevant in this case are:

(1) the relative ease of access to sources of proof;

(2) the convenience and cost of obtaining willing witnesses;

(3) the effect of a prolonged trial in New York on defendants' business and

(4) the various public interests involved.

■ It is difficult to catalogue the circumstances which will justify or require either granting or denying the remedy of transfer, and therefore much is left to the discretion of the Court. See Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 508, 67 S.Ct. 839, 91 L.Ed. 1055. Furthermore a movant for relief under 1404(a) must show preponderant balance in his favor, for it is only the exceptional case which merits relief under this section. Ferguson v. Ford, supra, 89 F.Supp. at page 45, cf. Gulf Oil Co. v. Gilbert, supra, 330 U.S. at pages 508-509, 67 S.Ct. 839, 91 L.Ed. 1055. As Judge Ryan said in Ferguson v. Ford, supra, 89 F.Supp. at page 51:

"A strong balance in favor of the movant must still be shown, although as above indicated, that balance is less than that required under *forum non conveniens.*"

Getting to the merits of the motion in this case, the hearing and moving papers substantiate the following facts:

(1) *Access to sources of proof:*

The defendant Scott & Williams has its statutory principal office in Boston and some of its officers reside there. However the factory of Scott & Williams is at Laconia, New Hampshire, approximately 100 miles from Boston. The defendant corporation also states that its records are in Boston or in Laconia, and the Court cannot tell whether the records would be located in Boston if the action were to be transferred there, or whether the records would have to be transported a distance of 100 miles from Laconia to Boston. Furthermore, the defendant Scott & Williams has a substantial sales office in New York City, in which 18 persons headed by a vice-president of Scott & Williams are employed, and it has not been shown that records located in this office will not be needed in the action.

(2) *Convenience of witnesses:*

In this case there is no question of the availability of compulsory process for the attendance of unwilling witnesses. Compulsory process is available to compel witnesses to come from any part of the United States, 15 U.S.C.A. § 23.

As to willing witnesses, it is true that no claim is made that any prospective witness resides or has an office in the Southern District of New York. Of the principal prospective witnesses for the defendants, three live in Boston, two in Laconia, and one in Florida. Admittedly, these witnesses would find it more convenient to testify in Boston than in New York.

On the other hand, the plaintiff anticipates calling twenty to thirty witnesses from the Southeastern States, and it would undoubtedly be more convenient for them to come to New York than to travel to Boston for the trial.

■ While the defendants may be justified in their objection that no names or residences of the Government witnesses are given, still the Court cannot question the good faith of the Government, the approximate number and location of its witnesses appearing in the affidavit of the Special Attorney for the Government. Cf. Cinema Amusements v. Loew's Inc., D.C. Del.1949, 85 F.Supp. 319, 325-326.

(3) *Effect of a prolonged trial on Scott & Williams' business:*

The defendants contend that if the action is transferred to Boston, the business of Scott & Williams would not be seriously impaired since some of its officers could transact business from their Boston offices, and even make short trips to Laconia.

The Boston counsel for Scott & Williams, in one of the moving affidavits, estimates that the trial of this action may require more than a month. This is not an unduly long time for trial in the Federal Court; furthermore, the principal witnesses for the defendants will not testify simultaneously. Scott & Williams has an office in New York, and the officers of Scott & Williams can use that office while in New York for the transaction of the company's business.

(4) *Public Interest:*

■ Section 1404(a) requires that the transfer be "in the interest of justice".

The defendants feel that the public interest requires that this action be transferred to Boston by reason of the less congested condition of the trial calendars there. While this element may be considered, this Court does not believe that great weight should be given to it. Because of the generally recognized congested calendar conditions existing in this district, practically all applications under Section 1404(a) would have to be granted, were this consideration to receive major recognition by the Court.

■ In evaluating the public interest in a transfer of this action, weight must be given to the venue privilege afforded plaintiff by the antitrust laws. Section 12 of the Clayton Act, 15 U.S.C.A. § 22, provides that: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business * * *"

That special venue statute has not been repealed by the enactment of Section 1404 (a), cf. Ex parte Collett, supra, and it is only *abuses* of the special venue privilege which Section 1404(a) purports to correct. Ferguson v. Ford, supra, p. 14. It is not denied that the corporate defendant is "doing business" in this district to such an extent as to make it subject to the venue provisions of Section 12 of the Clayton Act. It is the opinion of this Court that defendant Scott & Williams has a substantial business connection with this district, and that there is, therefore, no element of "shopping" in plaintiff's choice of a forum in the case. If defendants' contention that the case should be transferred to the district where Scott & Williams' principal office is located is a correct one, the special venue provisions would, in effect, be nullified.

■ Another factor to be considered is that in antitrust cases the violations charged are commonly nation-wide in scope and impact. The present action, as shown by the nature of the charges made in the complaint, is a case of national significance, rather than the localized one, which defendants' counsel contends it is. The complaint alleges that the corporate defendant controls eighty-five per cent of the production and sale of seamless hosiery machinery in the United States, and there are several hundred hosiery knitting mills in various parts of the United States, most of which are actual or prospective purchasers of defendant Scott & Williams' products. Surely then, it cannot truly be said that there is little interest in this action outside of the District of Massachusetts. That the controversy is not a local one is a factor which must weigh heavily in the decision of this Court. Ferguson v. Ford, supra, 89 F.Supp. at page 45.

■ Both parties in this action contend that their counsels' interests would best be served by transferring or not transferring the action, as the case may be. The Court does not believe that this is to be considered as a factor in deciding a motion under Section 1404(a). No provision is made in Section 1404(a) for the convenience of counsel.

■ Based upon the foregoing considerations, the Court does not believe that the plaintiff's choice of forum should be disturbed. Though the balance of convenience may be in favor of defendants on the matter of records and the convenient continuance of Scott & Williams' business, there is a balance in favor of the Government as to the convenience of witnesses and the interests of justice. It is unnecessary to weigh these all together to get a final balance of convenience, for in any event the defendants have not established a sufficient preponderance or strong balance in their favor which is necessary for a transfer pursuant to Section 1404(a).

Defendants' motion to transfer denied.