**BELAIR v. NEW YORK, N. H. & H. R. CO.**

United States District Court
S. D. New York.

Feb. 2, 1950.

Alfred T. Rowe, New York City, for plaintiff.

Edward R. Brumley, New York City, for defendant. R. M. Peet, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

The Court has before it a motion pursuant to Section 1404(a), Title 28 U.S.C.A. to transfer this action to the United States District Court for the District of Rhode Island.

The present action is one brought by plaintiff to recover damages for an injury sustained November 21, 1945 in defendant's railroad yard in Providence, Rhode Island, while acting as a yard brakeman in defendant's employ. Suit is brought under the Federal Employers' Liability Act, 45 U.S.C.A. Sec. 51 et seq., and the Safety Appliance Acts, 45 U.S.C.A. Sec. 1 et seq.

Defendant claims that this is a tort action brought by a Rhode Island plaintiff against a Rhode Island corporation for an injury sustained in Rhode Island, and hence should be transferred there in accordance with the decisions in Healy v. N. Y., N. H. & H. R. Co., D.C.S.D.N.Y.1949, 89 F.

Supp. 614, Ryan, J.; Maloney v. New York, N. H. & H. R. Co., D.C.S.D.N.Y., 88 F.Supp. 568, Noonan, J. However, in both of those cases it was specifically pointed out by the courts that the plaintiffs and their witnesses resided in the districts to which the actions were sought to be transferred, and did not reside or work in this district.

It is the opinion of the Court that the case of Naughton v. Pennsylvania R. Co., D.C.E.D.Pa.1949, 85 F.Supp. 761, is controlling in deciding this motion. In that case the court refused to transfer the action where the convenience of witnesses was in favor of the defendant, but the convenience of the parties was about equally divided. It should be noted that in both of the aforesaid decisions in this district, the courts found it necessary to distinguish the Naughton case in arriving at their decisions transferring the actions.

In this case, although plaintiff was a resident of Rhode Island, when the injury occurred, he states that he is, and was for a period of one year prior to suit a resident of New York City. Defendant is doing business in this district and can conveniently try the action here. Plaintiff states in his affidavit that the case will resolve itself in the main to medical testimony, and further states that he was treated for a considerable period in New York City and his witnesses include two doctors located here and that it would be impossible to produce these men in Rhode Island.

Defendant claims it will have to call as witnesses fellow employees of the plaintiff and doctors who treated him after the injury was sustained, and that these witnesses reside in Rhode Island or nearby. Plaintiff on the other hand alleges that defendant has exaggerated the number of witnesses it must call. Whatever may be the case, the convenience of witnesses is not strongly in favor of defendant. In addition, the matter of transportation of witnesses should not furnish a great problem to the defendant. Naughton case, supra, 85 F.Supp. at page 763.

Since the balance of convenience is not strongly, if at all, in favor of the defendant, the plaintiff's choice of forum should not be disturbed. See United States v. Scott & Williams, Inc., D.C.S.D.N.Y. 1950, 88 F.Supp. 531.

Motion to transfer denied.