HENDERSON v. AMERICAN
AIRLINES, Inc., et al.

MYLES v. AMERICAN AIRLINES,
Inc., et al.

United States District Court
S. D. New York.
May 24, 1950.

Doles, Sandifer & Johnson, New York City, Jawn A. Sandifer, New York City, of counsel, for plaintiffs.

Debevoise, Plimpton & McLean, New York City, Samuel E. Gates, Daniel W. West, Robert B. Von Mehren, all of New York City, of counsel, for defendants.

IRVING R. KAUFMAN, District Judge.

The Court has before it motions by the same defendants in two related actions to transfer the actions from this District to the District Court for the Eastern District of Kentucky on the grounds that that is a more convenient forum, Title 28 U.S.C.A. § 1404(a), and that an indispensable party beyond the jurisdiction of this Court has not been joined in this action, thereby requiring a transfer pursuant to Sec. 1406(a), Title 28 U.S.C.A. Both motions in the two actions are considered together.

The facts are as follows: On October 30th, 1949 the plaintiffs in these two actions were passengers aboard defendant American Airlines' flight No. 568 to Washington, D. C. The flight was delayed by bad weather at the Kenton County Airport (better known as the Greater Cincinnati Airport) in Boone County, Kentucky, and the airline gave each passenger, including the plaintiffs, a card introducing him to defendant Sky Chefs, which operated the restaurant and coffee shop at the Airport, and entitling him to a meal as a guest of the airline. Plaintiffs in their complaint allege

that they were denied service by defendant Sky Chefs by reason of their color, and each claims damages in the sum of $10,000 and seeks an injunction restraining the defendants from discriminating against him and denying to him his constitutional and civil rights.

The entire incident took place at the Greater Cincinnati Airport, which is located across the Ohio River from Cincinnati, and although physically in Boone County, Kentucky, the Airport is apparently owned by Kenton County, Kentucky. The plaintiffs are residents of Washington, D. C., and the defendants are corporations incorporated in Delaware and doing business in a number of states, including New York and Kentucky.

The defendants allege, and it seems undisputed, that the Airport is subject to the rules and regulations of the Kenton County Airport Board, Inc., a Kentucky public corporation, which leases the Airport to the defendant American Airlines, and the restaurant and coffee shop to the defendant Sky Chefs, and which has power to terminate the leases if its conditions and regulations are breached by the defendants. One of the regulations of the Airport Board requires that white and colored patrons be served in separate accommodations at the Airport. The defendants allege that the Airport Board is an indispensable party to this action, since the defendants merely act according to the Board's regulations, and that an injunction against the defendants alone would be ineffectual since it would not bind the Airport Board which would merely terminate the leases. Though it is doubtful that the leases could be terminated with propriety if an injunction against discrimination is issued by this Court, still the Court does believe that if an injunction is warranted, a decree which would bind the Airport Board is advisable and jurisdiction cannot be obtained in this forum against the Airport Board. As will appear, a decision on whether the Board is an indispensable party and the action disposed of under Section 1406(a) is unnecessary for the action should be transferred under Section 1404 (a) for the convenience of parties and witnesses.

The incident complained of took place approximately 585 miles from New York City. This forum is somewhat more convenient for the plaintiffs since their residence, Washington, D. C., is only 215 miles from New York whereas it is over 400 miles from the nearest District Court in Kentucky. The added expense to the plaintiffs in trying this case in Kentucky is slight, however. On the other hand the defendants allege that they intend to call some nineteen witnesses, including representatives of the defendants who work at the Airport, and the Airport Board, all of whom are residents of the Eastern District of Kentucky or of Cincinnati, Ohio. This number appears exaggerated, for it would be unnecessary to call every member of the Airport Board and its secretary-treasurer; however, it does appear that at least ten witnesses from the neighborhood of the Airport will be called by the defendant, and though these witnesses are friendly witnesses or employees of the defendants, they are not subject to process of this Court. The plaintiffs, it appears, will call no witnesses other than themselves.

■ Therefore, it can be seen that the overwhelming balance of convenience is in favor of the defendants and the action should be transferred. Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329; Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Conley v. Pennsylvania R. Co., D.C.S.D.N.Y.1948, 87 F.Supp. 980. There is also present here the element of "shopping around" by the plaintiffs not for a convenient forum but for one to their liking. Furthermore, the calendar in the Eastern District of Kentucky is up to date, a slight factor to be considered in connection with transfer. Maloney v. New York, N. H. & H. R. Co., D.C.S.D.N.Y.1949, 88 F.Supp. 568.

■ It should be noted in passing that the Court gave no weight to the defendants' allegation that the laws and customs of the State of Kentucky are involved in this suit, and that therefore the courts of Kentucky should decide the questions raised. The interpretation of the laws and customs of Kentucky are not in question, for it is

apparent to this Court and seemingly undisputed that those laws and customs condone the segregation attacked. What is in question is the constitutionality of these customs and laws, such as the regulation of the Airport Board. The determination of these constitutional questions is a federal matter, and therefore should be neither a factor in favor of transfer or against it. The question of whether "equal but separate" facilities violates the "equal protection of the laws" clause of the Constitution will probably be decided in the near future by the Supreme Court, which has several cases involving that question now pending before it; in that event all courts in this nation will have a mandate in accordance with which this type of case will be decided.

Plaintiffs contend also that their counsel will be inconvenienced if the action is transferred. As this Court has stated before, Section 1404(a) makes no provision for the convenience of counsel. See United States v. Scott & Williams, D.C.1950, 88 F.Supp. 531.

Defendants' motions to transfer these actions to the District Court for the Eastern District of Kentucky are granted. Settle order.