Aaron H. **PATTERSON**

v.

**LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY, a**
Corporation.

**No. IP 59–C–307.**

United States District Court
S. D. Indiana,
Indianapolis Division.

March 28, 1960.

Arthur L. Payne (of Lewis, Weiland, Payne & Carvey), Indianapolis, Ind., for plaintiff.

William T. Fitzgerald, Evansville, Ind., for Louisville & N. R. Co.

STECKLER, Chief Judge.

Plaintiff, a resident of Louisville, Kentucky, brought this action under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.).

Pursuant to 28 U.S.C. § 1404(a), defendant filed motion for a change of venue to the United States District Court, Western District of Kentucky, on the ground of convenience of the parties and witnesses, and in the interest of justice. Plaintiff opposes.

In support of its motion, defendant, by way of affidavit of its general attorney, states substantially the following:

The action is for personal injuries sustained by plaintiff while employed in defendant's railroad shops in Louisville, Kentucky, on July 15, 1959; defendant's claim agents have filed all the accident reports with him at his Louisville office; plaintiff's complaint alleges he is a resident of Louisville, Kentucky; defendant is a Kentucky corporation with its principal place of business in Louisville; plaintiff's complaint alleges the accident occurred in defendant's car repair shops at Louisville; that there are twelve witnesses—employees of the defendant, whose presence and testimony is essential to the defense of this action (their names are set forth); ten of such witnesses live in Louisville; two reside in Shepherdsville, Kentucky, approximately twenty-one miles south of Louisville; one resides in New Albany, Indiana, and another in Jeffersonville, Indiana, just across the river from Louisville; that plaintiff was hospitalized in Louisville and was treated by seven doctors whose names are set out, all with offices in Louisville; the testimony of the lay witnesses, the testimony of the named doctors, and the production of hospital and other medical records can be obtained only by subpoena; that all the witnesses to be called by defendant reside in Louisville, Kentucky, or within a few miles thereof; the distance between Indianapolis, Indiana, and Louisville, Kentucky, is approximately 115 miles; that legal process from the United States District Court, Southern District of Indiana (Indianapolis Division), does not extend to Louisville or Shepherdsville, Kentucky; trial of this cause in the Southern District of Indiana would effectively deprive defendant of process to compel the attendance of witnesses; the defendant's defense cannot be appropriately presented by depositions; that all witnesses either party expects to call are within the range of legal process of the United States District Court sitting at Louisville; any witnesses to be called by plaintiff on any disputed issue are necessarily resident in or near Louisville; that there will be no facts to be proved by plaintiff or by the defendant by witnesses residing in the Indianapolis Division of the United States District Court, Southern District of Indiana; the minimum loss of time for each witness attending the trial in the Southern District of Indiana would be three to five days, and the expense for transportation, maintenance, and loss of time for witnesses attending trial, would aggregate many thousands of dollars; a jury in the court in the Western District of Kentucky will have the opportunity of viewing the premises where the accident occurred; because of the above facts, defendant cannot adequately present its defense in the District Court for the Southern District of Indiana; that there will be no delay of trial in the Western District of Kentucky as evidenced by the letter of the chief judge of that district; that the burden of a jury trial will not be imposed upon the Southern District of Indiana if this cause is tried in the Western District of Kentucky; that the forum in the Western District of Kentucky at Louisville would be the most convenient

one for the necessary and proper witnesses to attend and for the plaintiff and defendant to attend; a trial in that forum would incur the least cost and produce the greater savings in time to all concerned; the action could have been brought in the Western District of Kentucky; and that a transfer will be agreeable to 28 U.S.C. § 1404 for the convenience of the parties, witnesses, and in the interest of justice.

Plaintiff counters by way of affidavit of his counsel, and, in so far as pertinent, states substantially:

That plaintiff is a resident of the City of Louisville, Kentucky, and was employed by defendant at the time of his accident; defendant has entered appearance, filed its defense and closed the issues in this court, and this court has jurisdiction to try the case; all lay witnesses listed by defendant are employees of defendant and subject to its control, and if called by defendant their attendance at the trial at Indianapolis could be controlled by defendant; plaintiff has given notice of the taking of depositions in Louisville, Kentucky of the following witnesses who may be cross-examined by defendant's counsel: James Shaw, John Durham, Robert Williams, Sam Gillian, George Dewey Roberts, Herbert Moran, Theodore R. Reynolds, Sister M. O'Merita, all of Louisville, Kentucky; Leo Kiess, New Albany, Indiana, and Leonard Williams and E. H. Carrier of Shepherdsville, Kentucky; that one of the witnesses, Leo Kiess of New Albany, who can testify as to the manner in which the accident occurred and who will be called by the plaintiff lives in the Southern District of Indiana and is subject to process of this court; that all of the doctors who treated plaintiff and who are listed in defendant's affidavit, have been employed by defendant and have been reporting plaintiff's condition to defendant and are being paid by plaintiff through defendant under a policy of insurance which plaintiff carries for his benefit; that so far as it would appear to the doctors they have been employed and are being paid by

defendant; for that reason, plaintiff will call the two orthopedic surgeons from Indianapolis who are named in the affidavit, neither of whom is subject to subpoena from the District Court in the Western District of Kentucky, and it would be more convenient and less expensive to plaintiff if the case were tried in Indianapolis; defendant is a large corporation, a resident of Louisville, and asserts a great influence on the commercial, industrial, economic and social life of the Western District of Kentucky; that the jury would be drawn from that district if the case should be tried there; that in the interest of justice plaintiff is entitled to have the matter heard in a proper place where neither plaintiff nor defendant is known, and the possibility of influence as to a jury would be absent; Indianapolis is only 110 miles from Louisville and has excellent air, rail and highway facilities; to make a trip from Louisville to Indianapolis it would require by air, forty-five minutes, by automobile, approximately three hours, and by train, approximately four hours; all lay witnesses and employees of defendant are entitled to free transportation; transfer of this cause would cause employment of additional counsel for plaintiff and greatly increase the legal expense in this case; that with respect to the opportunity of the jury viewing the premises if the case is tried in Louisville, plaintiff will prepare photographs and drawings of the general area and place of the accident to acquaint the jury; that plaintiff believes the proof will be largely as to the *manner* in which defendant operated, and not the *place* in which it operated; finally, considering all the elements in the interest of justice, plaintiff believes this matter should be tried in the Southern District of Indiana.

The considerations with respect to which there can be no real dispute present a strong case for granting transfer. Except as to the distance involved and the fact that it was not an F.E.L.A. case, a stronger case for transfer is presented here than that which was considered by the Court of Appeals for this

circuit in Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299. In that case the trial court was directed by writ of mandamus to enter an order transferring the case to the Southern District of Iowa from the Northern District of Illinois. There, it will be noted, the plaintiff had taken up residence in the City of Chicago where the action was pending in the district court. The Court of Appeals heard the case en banc. In rendering its decision the court left no doubt that in this circuit the discretion vested in the trial judge, although it is broad, will be reviewed and will be overruled by writ of mandamus where the trial court's denial of transfer is so clearly erroneous as to amount to an abuse of discretion.[1] In considering its earlier decision in General Portland Cement Co. v. Perry, 7 Cir., 1953, 204 F.2d 316, wherein mandate to transfer was refused, the court drew from that case the guide it applied in mandating Judge Igoe to grant transfer to the Southern District of Iowa. "Was respondent's denial of transfer 'so "clearly erroneous" as to amount to an abuse of his discretion?'" [220 F.2d 304.]. The court, considering many of the same arguments raised by the parties in this case, concluded that the balance of convenience of the parties was so overwhelmingly in favor of the defendant that the denial by the trial court of the motion to transfer was so clearly erroneous it amounted to an abuse of discretion.

Subsequent to the decision in the Igoe case, supra, the Court of Appeals for the Seventh Circuit, in view of the increase in number of petitions for writs of mandamus involving contested motions for transfer under § 1404(a), issued warning to trial counsel that mandamus is a drastic and extraordinary remedy and petitions therefor which involve only an erroneous decision will, in all likelihood, be summarily denied. The court cautioned that petitions for writs of mandamus in transfer cases should not be filed unless a strong case of abuse of dis-

cretion can be made. Sypert v. Miner, 7 Cir., 1959, 266 F.2d 196.

It is against this background of the application of § 1404(a) in this circuit that we must focus the factors presented in the case at hand.

■ The trial judge in considering the three factors prescribed by the statute must bear in mind that in filing an action the plaintiff is permitted to choose any proper forum and his choice may not be lightly set aside. And, in acting on the motion to transfer, the trial judge has a broad discretion, but he is limited in his consideration to the three factors specifically mentioned in the statute, and he may not be governed by any other factor or consideration. Chicago, R. I. & P. R. Co. v. Igoe, supra; Dairy Industries Supply Ass'n v. LaBuy, 7 Cir., 1953, 207 F.2d 554. The three factors are: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice.

Since plaintiff's residence and the defendant's principal place of business are located in Louisville, Kentucky, there can be little doubt but that the first test, i. e., convenience of the parties, must be decided in favor of the defendant.

■ As to the second test, i. e., the convenience of the witnesses, all of the occurrence witnesses reside in Louisville or within a very short distance thereof. All of the attending doctors, and the hospital records are located there. From all that is shown, the medical witnesses residing in Indianapolis did not treat plaintiff for his injuries. It appears they were engaged by the plaintiff for the purpose of testifying as experts at the trial. It is well settled that the convenience of expert witnesses will be treated as of little or no significance in determining whether an action should be transferred under the statute. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Southern Ry. Co. v. Madden, 4 Cir., 1956, 235 F.2d 198, certiorari denied 352 U.S. 953, 77 S.Ct.

---

1. For a contrary policy followed in other circuits, see All States Freight v. Mo-

darelli, 3 Cir., 196 F.2d 1010, and cases cited therein.

328, 1 L.Ed.2d 244. Nor will the fact that the plaintiff will be inconvenienced by being required to employ additional counsel in the other district be sufficient to cause the balance of convenience to weigh in his favor. Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299, 304; Sypert v. Miner, supra; United States v. Scott & Williams, Inc., D.C. S.D.N.Y.1950, 88 F.Supp. 531; Henderson v. American Air Lines, Inc., D.C.S.D. N.Y.1950, 91 F.Supp. 191, 193.

As the district court stated in Josephson v. McGuire, D.C.D.Mass.1954, 121 F. Supp. 83, at page 84, "A large measure of deference is due the plaintiff's freedom to select his own forum, yet this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff * * * *"

Under the third test, in the interest of justice, there should be considered the matter of the relative ease of access to the sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining willing witnesses; the possibility of a view of the premises; and the state of the court calendar, both in the Southern District of Indiana where the case is pending and in the Western District of Kentucky to which it is sought to be transferred.

Plaintiff stresses the influence the defendant asserts in the Western District of Kentucky. Also that the doctors believe they are being paid by defendant with defendant's own monies instead of insurance proceeds from a policy carried by plaintiff. Presumably, plaintiff is saying their testimony will thus be biased. In the first place it is presumed the jury will be true to their oath and that they will conscientiously observe the instructions of the court. United States v. Sorcey, 7 Cir., 1945, 151 F.2d 899, 903. It cannot be presumed that a trial will proceed other than fairly in any federal forum in which venue exists. Chicago, R. I. & P. R. Co. v. Igoe, 7 Cir., 212 F.2d 378, 382. As to the bias of the Louisville doctors, that is a matter of credibility and may be exposed at the trial if need be. The congested state of the docket of this court as compared to the docket in the Western District of Kentucky cannot be overlooked. There is a likelihood that in this district this case cannot be reached for trial during the present year, whereas it appears it can be reached for trial in the Western District of Kentucky some time this spring. Furthermore, jury duty is a burden that should not be imposed upon a community which has no relation to the litigation. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 508, 67 S.Ct. at page 843.

Plaintiff claims that the affidavit submitted by the defendant is fatally defective for the reason it contains only a general statement that all of the material witnesses, with the exception of one, reside in the Western District of Kentucky, and that before the court can consider such an affidavit, the affidavit must state the names of such witnesses and the nature of their proposed testimony. Plaintiff in this regard relies upon General Portland Cement Co. v. Perry, supra. In that case the defendant failed to set out the name or address of any of its witnesses; nor did it say what its witnesses would testify to. This is certainly different than what we have in this case. Here the defendant's affidavit not only sets forth the names of the witnesses but states that the presence of such witnesses is essential to the defendant's defense. The only reasonable inference to be drawn from such language is that the defendant intends to call such witnesses and that their testimony will pertain to the occurrence of the accident and the medical treatment and hospitalization rendered.

Viewing the relative merits in the light of the three factors to be considered in the application of the statute, the court believes that it would be an abuse of discretion to deny the transfer in this case. Accordingly, the defendant's motion is hereby granted and this case is ordered transferred to the Western District of Kentucky, Louisville Division, for trial and disposition.