**BERKSHIRE INTERNATIONAL COR-
PORATION, Plaintiff,**

v.

**ALBA–WALDENSIAN, INC. and Pilot
Research Corporation, Defendants.**

**No. 72 Civ. 2234.**

United States District Court,
S. D. New York.

Dec. 29, 1972.

Pennie, Edmonds, Morton, Taylor & Adams, New York City, for plaintiff;

Willis H. Taylor, Jr., Philip T. Shannon, New York City, of counsel.

Sullivan & Cromwell, New York City, Parrott, Bell, Seltzer, Park & Gibson, Charlotte, N. C., for defendants; William T. Stephens, New York City, Paul B. Bell, Charlotte, N. C., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

On May 8, 1972, Pilot Research Corporation, the owner of three patents for seamless knit garments and methods, sent a telegram to Berkshire International Corporation stating that a panty hose garment manufactured by Berkshire was covered by one or more of the three patents and suggesting a conference to discuss the matter. Berkshire's response was the commencement of this action on May 23 for a declaratory judgment of patent invalidity and non-infringement. The defendants are Pilot and Alba-Waldensian, Inc., which owns all the stock of Pilot. Two days thereafter, on May 25, Pilot commenced an action in the Western District of North Carolina against Berkshire, the plaintiff herein, charging it with infringement of the patents involved in this suit.[1]

The matter before the court now is Pilot's motion to dismiss this action on the grounds of (1) lack of personal jurisdiction; (2) improper venue under 28 U.S.C., sections 1391(b) and (c); (3) improper service of process. Alterna-tively, Pilot moves for (1) a transfer pursuant to 28 U.S.C., section 1404(a), to the Western District of North Carolina as the most convenient forum for adjudication of the issues raised in this litigation.[2]

The defendant Alba-Waldensian moves to dismiss the action against it on the grounds (1) there is no justiciable controversy between it and plaintiff under 28 U.S.C., section 2201; and (2) Pilot, as the sole owner of the patents, is an indispensable party to this litigation and is not subject to jurisdiction or service of process in this state or district.

That branch of the Pilot motion which seeks dismissal for lack of personal jurisdiction, improper venue and improper service rests upon its contention that it is neither licensed to do nor does business in this state; that it and its parent corporation, Alba-Waldensian, are maintained as entirely separate and distinct entities. Contrariwise, the plaintiff, based upon consolidated tax returns, financial reports and other matters, contends that Alba-Waldensian, which does business in New York, is the alter ego of Pilot. The resolution of this factual dispute determines Pilot's challenge to jurisdiction, venue and process. In the light of the sharp factual controversy raised by affidavits,[3] the ultimate resolution of which requires a preliminary hearing,[4] I have concluded it is more consonant with the interests of the parties to decide the alternative motion for transfer made pursuant to section

---

1. The North Carolina action was dismissed on December 13, 1972, upon the ground that prior to the filing of the complaint Berkshire, the defendant, had committed no acts of infringement in the Western District of North Carolina. The following day, based upon new allegations of infringement within that district, which had occurred subsequent to the commencement of its first action, Pilot filed a new action which is now pending there.

2. Pilot also moves for a stay of this action pending final adjudication of the North Carolina action, but this branch of its motion is rendered moot since that action, as noted, has been dismissed for lack of proper venue.

3. Plaintiff acknowledged that the papers raised issues of fact and applied "for a preliminary hearing pursuant to Rule 12(d), Federal Rules of Civil Procedure, in the event the court finds that it does not have threshold jurisdiction on the basis of the present record." (Plaintiff's memorandum p. 12).

4. See Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583, 589 (2d Cir. 1965); Gelfand v. Tanner Motor Tours, Ltd., 339 F.2d 317, 323 (2d Cir. 1964); Monteiro v. San Nicolas, S.A., 254 F.2d 514, 517 (2d Cir. 1958).

1404(a).[5] Moreover, a transfer, if warranted, dissolves the venue issue as to Pilot under section 1406(a),[6] and leaves open only the personal jurisdiction and service of process issues, which, as a practical matter, would also be eliminated since Pilot is licensed to do and does business in the proposed transferee district. Upon argument it was indicated that in the event of a transfer the in personam jurisdiction and improper service defenses would be waived.

■ The applicable criteria governing a motion to transfer have been discussed by this court in Schneider v. Sears,[7] and defendant's motion is considered in the light of those standards. At the outset it is noted there is no issue that this declaratory judgment action "might have been brought" in the Western District of North Carolina, to which transfer is sought.[8] It is undisputed that each corporation was and is doing business within that district and was there subject to in personam jurisdiction.[9]

We next consider the factors of convenience of the parties and witnesses and the interests of justice. Plaintiff, a Pennsylvania corporation, has its principal place of business and manufacturing facilities at Reading, Pennsylvania. It also has a manufacturing facility at Andrews, North Carolina, within the Western District of North Carolina, where it manufactures panty hose with seams; plaintiff denies, however, that it there manufactures seamless panty hose or other garments involving Pilot's patents.[10] It contends that the alleged infringing items are manufactured by it at its plant in Reading, Pennsylvania, and that distribution of such products is made from that plant after receipt of orders for them at its home office, also Reading.

Pilot is a North Carolina corporation, with its principal office located at Valdese, North Carolina, within the Western District of North Carolina. It is not licensed to do business in this state and alleges, without substantial challenge, that it has no place of business or employees within this state; that no officer or director resides therein. Plaintiff's sole attempt to establish that Pilot is doing business within this state and district is based, as already noted, upon allegations that its parent corporation, Alba-Waldensian, is the alter ego of Pilot. Pilot's activities in North Carolina consist of textile research, acquiring and developing patents, and licensing for royalties. The inventors of the patents in suit live within the jurisdiction of the Western District of North Carolina. Pilot's employees and records are located there. Most of its business is conducted from its offices at Valdese, North Carolina; some of its activities are conducted from an office in Charlotte, North Carolina, also located within the Western District of North Carolina.

5. See Alabama Great So. R. R. v. Allied Chem. Co., 312 F.Supp. 3, 10–11 (E.D. Va.1970); cf. United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964).

6. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

7. 265 F.Supp. 257 (S.D.N.Y.1967).

8. See Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Continental Grain Co. v. Barge FBI–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

9. Although a suit for patent infringement is controlled by the venue provision of 28 U.S.C. § 1400(b), Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), a declaratory judgment action alleging patent invalidity and non-infringement is controlled by 28 U.S.C. § 1391(c). General Tire & Rubber Co. v. Watkins, 326 F.2d 926, 929 (4th Cir.), cert. denied, 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179 (1964); Melton Corp. v. Dow Chem. Co., 182 F.Supp. 546, 547 (S.D.N.Y.1959); National Tool & Mfg. Co. v. Detroit Mold Eng'r Co., 182 F.Supp. 529, 531 (D.N.J. 1960).

10. See n. 1 supra.

Alba-Waldensian, the parent of Pilot, is organized under the laws of Delaware and is engaged in the manufacture and sale of various types of knit garments. It manufactures panty hose seamless garments under a nonexclusive patent granted by Pilot at its factory at Valdese, North Carolina. Although it maintains a sales office in New York City, within this district, no showing has been made that witnesses or evidence relevant to this litigation are located there.

There can be little doubt that as far as the defendants are concerned, most of their witnesses live in or near the Western District of North Carolina, and that third-party witnesses, not under their control, are subject to the subpoena power of the Western District of North Carolina. Also there can be little doubt that such records as may be required and other documents which go to establish the defendants' claims with respect to the validity of the patents are located within that district. Thus, the convenience of the defendants, that of their witnesses, and accessibility of proof and documents suggest that a transfer is warranted.

The plaintiff, however, resists transfer. It urges that the factors of convenience of parties, witnesses, and accessibility to documents and other proof favor retention of the case in this district. It contends that all of its witnesses having knowledge of its manufacturing operations are located at Reading, Pennsylvania; that the sources of evidence on the issues of infringement and validity of the patents are located there. Accordingly, it presses that since Reading is closer to New York than to North Carolina, it is a more convenient forum for it and its witnesses than the North Carolina court. But it was conceded upon argument of this motion that were the case to be tried here, plaintiff's witnesses would have to travel to this district and its records brought here from Reading—in short, that a trial in this district would in any event inconvenience plaintiff and its witnesses—that it was a matter of degree.[11]

■ Except for the fact that plaintiff, as does the defendant Alba-Waldensian, maintains a sales office here—a situation true of most textile companies—this district has little or minimal contact with the parties or the substance of their controversy.[12] The maintenance of a sales office here has no bearing on the issues in this case. Under the circumstances, that plaintiff selected this forum is of relatively little consequence,[13] as is the fact that its attorneys maintain their offices here.[14] A trial in this district would not particularly serve the convenience of any of the parties or their witnesses. If the action were retained here, all three litigants would be inconvenienced, the defendants more than the plaintiff. If the action is transferred to North Carolina, only one litigant, the plaintiff, would be inconvenienced, and at most perhaps slightly more than if the action remained here. Indeed, since plaintiff is actively engaged in business in North Carolina, it is even doubtful that it would suffer more inconvenience than if the action remained here.

Other factors also favor the transfer. The case can be tried more expeditiously

11. Faigenbaum Mach., Inc. v. Scott & Williams, Inc., 344 F.Supp. 1267, 1272 (S.D. N.Y.1972).

12. *Id.* at 1271.

13. *See* Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1965); A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444–445 (2d Cir. 1966); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938, 941–942 (S.D.N.Y.1967); Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 754 (S.D.N.Y.1966); Polaroid Corp. v. Casselman, 213 F.Supp. 379, 381 (S.D.N.Y.1962).

14. Faigenbaum Mach., Inc. v. Scott & Williams, Inc., 344 F.Supp. 1267, 1272 (S.D. N.Y.1972); Unico Indus. Corp. v. S. S. Andros City, 323 F.Supp. 896, 897 (S.D. N.Y.1971); Saraf v. Chatham Carpet Mills, Inc., 275 F.Supp. 951, 952 (S.D. N.Y.1967).

in the Western District of North Carolina. The median time interval from issue to trial there is ten months, whereas in this district it is twenty-seven months.[15] Moreover, despite plaintiff's opposite view, North Carolina is the center for the knitting industry [16] and expert witnesses in the field about which this patent controversy centers are more readily available there to both sides.

In totality, it appears that the proposed Western District of North Carolina is more convenient than this district for the parties and witnesses and that the interests of justice will be better served by a trial there, and accordingly the defendant Pilot's motion is granted.

See, also, D.C., 54 F.R.D. 241.

15. The Annual Report of the Director of the United States Courts for the Fiscal Year Ending June 30, 1972, Table C 10.

16. *Cf.* Faigenbaum Mach., Inc. v. Scott & Williams, Inc., 344 F.Supp. 1267, 1272 (S.D.N.Y. 1972).