Claire SCHEINBART, Plaintiff,

v.

CERTAIN–TEED PRODUCTS CORPORATION et al., Defendants.

No. 73 Civ. 2803–LFM.

United States District Court,
S. D. New York.

Dec. 5, 1973.

**708**

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Certain-Teed Products Corp., James A. Parker, Edward A. Diefenbach and Byron C. Radaker; Paul J. Newlon, Lewis A. Kaplan and Marshall Beil, New York City, of counsel.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendants Valley Forge Corp. and Housing Securities, Inc.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendants Builders Investment Group, Malcolm Meyer, George H. Brown, Jr., Thomas P. Coogan and William R. Klaus.

## OPINION

MacMAHON, District Judge.

This is a motion under 28 U.S.C. § 1404(a) to transfer this derivative action to the Eastern District of Pennsylvania for the convenience of the parties and witnesses and in the interests of justice.

The complaint, invoking both statutory [1] and pendent jurisdiction, alleges violations of the Investment Advisers Act of 1940 (Advisers Act),[2] Rule 206(4) promulgated thereunder,[3] the Securities Exchange Act of 1934 (Securities Act)[4] and the common law.

Plaintiff is one of 5,900 shareholders of defendant Builders Investment Group (Builders), a real estate investment trust organized in August 1971 and sponsored by defendant Certain-teed Products Corporation (Certain-teed).

In September 1971, Certain-teed and defendants Byron C. Radaker, James A. Parker and Edward Diefenbach [5] acquired all the stock of defendant Housing Securities, Inc. (HSI), a small mortgage banking firm, for about $260,000. The four defendants then allegedly utilized their control of Builders and HSI to arrange for HSI to become Builders' investment advisor.

In July 1972, Certain-teed, Radaker, Parker and Diefenbach sold HSI to defendant Valley Forge Corporation (VFC), a company controlled by Certain-teed, for VFC common stock with a market value of $25,000,000. Plaintiff sues, on behalf of Builders, to recover the profit allegedly realized by Certain-teed, Parker, Radaker and Diefenbach from the sale of HSI to VFC. She alleges that they misused their control over the other defendants, especially HSI and Builders, to procure the sale and make a profit of $24,740,000. This huge profit, plaintiff claims, was due to assurances given by the four defendants to VFC that HSI would continue to serve as Builders' investment advisor for an indefinite period, thus guaranteeing a steady and substantial flow of revenue to HSI.

Plaintiff maintains that the defendants' actions and their concealment of those actions violated their fiduciary duties to Builders and the anti-fraud provisions of the Advisers Act and the Securities Act.

The remaining individual defendants, Malcolm Meyer, George H. Brown, Jr.,

---

1. 15 U.S.C. §§ 80b–14 and 78aa.

2. 15 U.S.C. §§ 80b–6 and 80b–15.

3. 17 C.F.R. § 275.206(4).

4. 15 U.S.C. § 78n(c).

5. These individual defendants are, and were, at the time of the transactions complained of, officers and directors of Certain-teed.

Thomas P. Coogan, Sidney Bogardus[6] and William Klaus are trustees of Builders, accused by plaintiff of participating and acquiescing in the sale of HSI, thus violating their fiduciary duties to the trust and its shareholders.

Plaintiff also seeks to nullify the current advisory agreements between HSI and Builders because VFC obtained the benefits of those agreements under circumstances detrimental to Builders' interests. In addition, plaintiff seeks an accounting.

■■ The criteria relevant to a determination of a motion for transfer include the convenience of the parties, the convenience of the witnesses, the ease of access to the sources of proof and the interests of justice.[7] Defendants, as movants, bear the burden of making a clear showing that the transferee district is a more convenient district and that the interests of justice would be better served by trial there.[8]

There is no question that this action "might have been brought" in the Eastern District of Pennsylvania since the transactions complained of occurred there.[9]

■ The corporate defendants have little contact with this district. Certain-teed, Builders, HSI and VFC all have their principal place of business in Valley Forge, Pennsylvania, which is within the Eastern District of Pennsylvania. Certain-teed, a Maryland corporation, and VFC, a Georgia corporation, have no offices, plants or investments in the Southern District of New York.[10]

Builders, which was organized under the laws of Florida, has no offices in New York but has invested in a housing project in Westchester County.[11] HSI, a Delaware corporation, maintains a New York office devoted solely to the mortgage brokerage aspects of its business.

Only two of the eight individual defendants have any substantial contact with the Southern District of New York. Sidney Bogardus, who has not been served, lives and works in New York City. Thomas P. Coogan, who joins in the motion to transfer, resides in Miami Beach, Florida, and maintains a part-time office in New York. The remaining six individual defendants reside and maintain their business offices in the Eastern District of Pennsylvania.

Obviously, Philadelphia would be a more convenient place for trial than New York for both the individual and corporate defendants. In addition, plaintiff will be required to call the individual defendants and officers and employees of the corporate defendants as witnesses to prove the elements of her claim. Since these people work in Valley Forge or nearby, it would be manifestly inconvenient for them and their employers if trial were in New York.[12]

■ In contrast, plaintiff's testimony, if any, in this derivative suit will be minimal. The only witnesses likely to be inconvenienced by trial in Philadelphia are certain New York based experts plaintiff may call to testify on the valuation of HSI. The convenience of expert witnesses has little or no signifi-

---

6. Defendant Bogardus has not been served and does not participate in this motion.

7. 28 U.S.C. § 1404(a); Van·Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y.1967).

8. Schneider v. Sears, *supra*, 265 F.Supp. at 263; Oil & Gas Venture-First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 755 (S.D.N. Y.1966).

9. 28 U.S.C. § 1404(a); 15 U.S.C. §§ 78aa and 80b-14.

10. Certain-teed is qualified to do business in New York and in 1972 maintained a Manhattan telephone number, but at present has no New York offices.

11. We deem the fact that Builders' investment bank, stock transfer agent and registrar are located in New York irrelevant to the question of convenience. Lewis v. Dwyer, 73 Civ. 1298 (S.D.N.Y., Sept. 5, 1973); cf. Berkshire Int'l Corp. v. Alba-Waldensian, Inc., 352 F.Supp. 831, 834 (S. D.N.Y.1972).

12. Kramer v. Massachusetts Mut. Life Ins. Co., 73 Civ. 1306 (S.D.N.Y., Aug. 22, 1973).

cance in determining whether an action should be transferred under 28 U.S.C. § 1404(a).[13]

Virtually all the documents pertinent to this case are located in the offices of the corporate defendants in Valley Forge, Pennsylvania. The volume of such documents produced at the depositions or at trial is likely to be great, especially on the issue of the valuation of HSI. If the case were litigated in New York, these documents would have to be duplicated, transported to New York and stored there. Trial in Philadelphia will avoid these inconveniences and any consequent disruption of defendants' business operations.[14]

Plaintiff, a New York resident, contends that trial in Philadelphia would cause her substantial inconvenience and impair her ability to prosecute this action since she would have to retain local counsel. Plaintiff's arguments are unconvincing. The inconvenience caused plaintiff due to the need to retain local counsel in the transferee district is of little, if any, weight on a motion to transfer.[15] Moreover, plaintiff's presence at trial will probably not be necessary because her brief testimony, in all likelihood, can be offered by deposition. If she is required to appear, her testimony will be brief and there can be no doubt that she will not be inconvenienced by constant travel to Philadelphia. Plaintiff's New York counsel might suffer some inconvenience due to transfer, but the transfer statute (§ 1404(a)) is concerned not with the inconvenience of counsel but with the convenience of parties and their witnesses.[16]

We conclude that any inconvenience caused plaintiff by trial in Philadelphia will be minimal compared to the substantial inconvenience trial in New York would cause the other parties and the witnesses.[17]

The interests of justice will also be served by trial in Philadelphia. The challenged transactions occurred primarily, if not entirely, in the Eastern District of Pennsylvania. The policy decisions of the corporate defendants are made in Valley Forge, Pennsylvania. Their headquarters are located there and the meetings of the boards of directors of Certain-teed and VFC and the board of trustees of Builders are held there. HSI's services as Builders' investment advisor were performed primarily at its Valley Forge headquarters. Most of the individual defendants work in Valley Forge, and extensive discussions of the transaction undoubtedly occurred there. Furthermore, since plaintiff seeks to nullify the contracts between Builders and HSI, which were executed and are being substantially performed in Pennsylvania, significant questions of Pennsylvania law may arise. Obviously, a court sitting in Pennsylvania, familiar with Pennsylvania as well as federal law, would be better equipped to handle these questions.

Plaintiff argues that the interests of justice will be served by trial in New York because the Second Circuit Court of Appeals, in Rosenfeld v. Black, 445 F.2d 1337 (2d Cir. 1971), has held that the Advisers Act prohibits an investment advisor from profiting by the sale of its fiduciary office. Plaintiff claims that since the law in the Third

13. Patterson v. Louisville & N. R.R., 182 F. Supp. 95, 98 (S.D.Ind.1960).

14. Kramer v. Massachusetts Mut. Life Ins. Co., *supra;* Schneider v. Sears, *supra,* 265 F.Supp. at 265–266.

15. Chicago, R. I. & Pac. R.R. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955); Mims v. Proctor and Gamble Distrib. Co., 257 F. Supp. 648, 657 (D.S.C.1966); Patterson v. Louisville & N. R.R., *supra,* 182 F.Supp. at 99.

16. Xerox Corp. v. Litton Indus., Inc., 353 F.Supp. 412, 415–416 (S.D.N.Y.1973); Mims v. Proctor and Gamble Distrib. Co., *supra,* 257 F.Supp. at 657; Henderson v. American Airlines, Inc., 91 F.Supp. 191, 193 (S.D.N. Y.1950).

17. Berkshire Int'l Corp. v. Alba-Waldensian, Inc., *supra,* 352 F.Supp. at 834.

Circuit is unclear on this issue, she "should not be required to litigate her cause [there] and to shoulder the burden of seeking to establish the standard applied in Rosenfeld in another jurisdiction."

Plaintiff's argument amounts to mere forum shopping. The federal courts, and this court in particular, have little sympathy for forum shopping.[18] "The federal courts comprise a single system applying a single body of law, and no litigant has a right to have the interpretation of one federal court rather than that of another determine his case."[19] Plaintiff's obvious forum shopping merely adds weight to the other considerations favoring transfer.[20]

 Plaintiff also argues that the special venue provisions of the securities laws[21] compel denial of this transfer motion. We are aware that both the Advisers Act and the Securities Act allow plaintiffs a wide choice of venue and that this facilitates vigorous enforcement of the Acts.[22] In a derivative action, however, the weight given plaintiff's choice of forum is weakened considerably because the plaintiff is only one of hundreds of potential plaintiffs, "all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts. . . ."[23]

We think the circumstances of this case warrant the transfer of this action to the Eastern District of Pennsylvania. Transfer will serve the convenience of the parties and witnesses and the interests of justice without damaging plaintiff's chances for success or impeding the enforcement of the Acts.

Accordingly, the within motion for an order transferring this action to the United States District Court for the Eastern District of Pennsylvania is granted.

So ordered.

---

18. H. L. Green Co. v. MacMahon, 312 F.2d 650, 652 (2d Cir. 1962), cert. denied, 372 U. S. 928, 83 S.Ct. 876, 9 L.Ed.2d 736 (1963); Clayton v. Warlick, 232 F.2d 699, 706 (4th Cir. 1956); Chicago, R.I. & Pac. R.R. v. Igoe, 212 F.2d 378, 382 (7th Cir. 1954); Mobil Oil Corp. v. W. R. Grace & Co., 334 F.Supp. 117, 131 (S.D.Tex.1971); Polaroid Corp. v. Casselman, 213 F.Supp. 379, 383–384 (S.D.N.Y.1962); Rayco Mfg. Co. v. Chicopee Mfg. Corp., 148 F.Supp. 588, 592–593 (S.D.N.Y.1957); Henderson v. American Airlines, Inc., supra, 91 F.Supp. at 192.

19. H. L. Green Co. v. MacMahon, supra, 312 F.2d at 652.
Plaintiff's argument would be valid were this a diversity case in which the court would have to apply local law. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.

Ed. 1188 (1938); H. L. Green Co. v. Mac-Mahon, supra, 312 F.2d at 652–653.

20. Polaroid Corp. v. Casselman, supra, 213 F.Supp. at 384.

21. 15 U.S.C. §§ 78aa and 80b–14.

22. Zorn v. Anderson, 263 F.Supp. 745, 749 (S.D.N.Y.1966).

23. Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947); Lewis v. Dwyer, supra; Kramer v. Massachusetts Mut. Life Ins. Co., supra; Harris v. American Investment Co., 333 F.Supp. 325 (E.D.Pa.1971); Gold v. Scurlock, 290 F.Supp. 926, 928–929 (S.D.N. Y.1968); Schlusselberg v. Werly, 274 F. Supp. 758, 763 (S.D.N.Y.1967); Schneider v. Sears, supra, 265 F.Supp. at 266; cf. Fogel v. Wolfgang, 48 F.R.D. 286 (S.D.N.Y.1969).