**AMERICAN HOME ASSURANCE COM-PANY et al., Plaintiffs,**

v.

**INSULAR UNDERWRITERS CORPORA-TION, Manuel San Juan Company, Inc., Defendants.**

**No. 71 Civ. 663.**

United States District Court,
S. D. New York.

May 17, 1971.

Lee, McCarthy & DeRosa, New York City, for plaintiffs; by Peter J. Malloy, Jr., New York City.

Shearman & Sterling, New York City, for defendants; Charles C. Parlin, Jr., Leo Kayser, III, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendants move for an order pursuant to Rule 12(b), F.R.Civ.P., dismissing this action on the ground that this court lacks personal jurisdiction over the defendants; or, in the alternative, for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the United States District Court for the District of Puerto Rico; or, in the alternative, for an order staying all proceedings in this action pending a final determination of certain actions now pending between the parties in the United States District Court for the District of Puerto Rico.

In January, 1971, plaintiffs, insurance companies organized and existing under the laws of the states of New York and New Jersey with offices in New York, instituted this action in the New York Supreme Court against defendants, corporations organized and existing under the laws of the Commonwealth of Puerto Rico with their principal places of business in San Juan, Puerto Rico. Defendants removed the action to this court. In their complaint, plaintiffs allege that defendants failed to comply with the terms and conditions of certain agreements, by which defendants were appointed to act as general agents for plaintiffs in Puerto Rico, and seek damages in the amount of $10,000,000.

Litigation between the parties with respect to the agency agreements has been pending in Puerto Rico since September 1970. The Puerto Rican actions, separately instituted by the parties to this action, arose out of the service by plaintiffs on defendants in September 1970 of notices of termination of the general agency agreements between the parties, such termination to be effective December 31, 1970. The issues in the Puerto Rican actions are: (1) whether the plaintiffs have any just cause for

terminating the agreements, and (2) if not, whether Puerto Rican Law 75, 1964 (10 L.P.R.A. § 278 et seq.) precludes termination of the agreements. The issue of just cause involves litigating the alleged breaches of the agreements by the defendants.

■ By way of alternate relief, defendants seek an order transferring this action to the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a), which provides as follows:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Two issues are presented: (1) whether the action sought to be transferred "might have been brought" in the proposed transferee forum; and (2) whether the convenience of parties and witnesses would be best served by the transfer. Schneider v. Sears, 265 F. Supp. 257, 261 (S.D.N.Y.1967). *See also* Stull v. Baker, 311 F.Supp. 1205 (S.D.N.Y.1970).

It is clear that this action could have been brought in the District of Puerto Rico. The defendants' principal places of business are in San Juan, and the complaint alleges breaches of the agency agreements in Puerto Rico. The agency agreements were executed outside of the United States (in Puerto Rico, the Bahamas, or Bermuda). One of the pending actions in Puerto Rico was instituted by these plaintiffs, which demonstrates that this action could have been brought in the District of Puerto Rico and that there is personal jurisdiction over defendants in Puerto Rico.

Clearly the convenience of defendants, with their principal places of business in San Juan, would be best served by a transfer. Since plaintiffs have previously instituted an action in Puerto Rico involving the same subject matter, the inconvenience to the plaintiffs caused by a transfer should not be great. As the complaint in this action alleges breaches of contract in Puerto Rico, it would appear that most of the relevant records would be located in Puerto Rico, as would persons best able to testify with respect to the alleged breaches.

■ In determining whether a transfer would be in the interest of justice, the court necessarily considers the fact that plaintiffs initiated their action in this district. However, since plaintiffs instituted an earlier action in Puerto Rico, the plaintiffs' choice of forum is not entitled to great weight. As stated by Judge Weinfeld in Schneider v. Sears, *supra*, 265 F.Supp. at 266–267.

> "There is a strong policy favoring the litigation of related claims in the same tribunal in order that: (1) pretrial discovery can be conducted more efficiently; (2) the witnesses can be saved time and money, both with respect to pretrial and trial proceedings; (3) duplicitous litigation can be avoided, thereby eliminating unnecessary expense to the parties and at the time [sic] time serving the public interest; (4) inconsistent results can be avoided." (Footnote omitted.)

Puerto Rican Law 75, which may be determinative of some of the issues involved, is the Dealer's Contract Law (1964 Laws of Puerto Rico, 4th Session (approved June 24, 1964)). Law 75 has been the subject of litigation in Puerto Rico, in the Court of Appeals for the First Circuit, and in the Supreme Court, Fornaris v. Ridge Tool Co., 423 F.2d 563 (1st Cir. 1970), rev'd 400 U.S. 41, 91 S. Ct. 156, 27 L.Ed.2d 174 (1970). In reversing the Court of Appeals' holding that Law 75 was unconstitutional, the Supreme Court directed the Court of Appeals "to remand the cases to the District Court [for the District of Puerto Rico] with instructions to hold its hand until the Puerto Rican Supreme Court has authoritatively ruled on the local law question in light of the federal claims." (Id. at 44, 91 S.Ct. at 158) (Footnote omitted). On February 28, 1971, Chief Judge Hiram R. Cancio of the United States District Court for the District of Puerto Rico stayed further proceedings

in the Puerto Rican actions between the parties herein "until the Supreme Court of Puerto Rico has ruled in connection with the rights and legal relations pertaining to Law 75."

For the foregoing reasons, a transfer of this action to the District of Puerto Rico would serve the convenience of parties and witnesses, and would be in the interest of justice.* Therefore, defendants' motion is granted to the extent of transferring this action to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a), and is denied in all other respects.

Settle order on notice.

---

* While defendants contend that this court lacks personal jurisdiction over them and plaintiffs seek to depose defendants' principal officers to establish such jurisdiction, further proceedings in this court are unnecessary since by their motion defendants do not question this court's jurisdiction for purposes of a transfer pursuant to 28 U.S.C. § 1404(a).