**HENN ASSOCIATES, LTD.,**
**Plaintiff,**

v.

**SCHIAVONE CONSTRUCTION CO., also**
**known as Schiavone Construction Co.,**
**Inc., Defendant.**

**No. 75 C 751.**

United States District Court,
E. D. New York.

Oct. 10, 1975.

Berman, Paley, Goldstein & Berman, New York City, for plaintiff; Roger S. Markowitz, New York City, of counsel.

Jarvis, Pilz, Buckley & Treacy, New York City, for defendant; Eugene Schaffel and Bruce J. Bergman, New York City, of counsel.

## MEMORANDUM AND ORDER

BRUCHHAUSEN, Senior District Judge.

The defendant moves for an order, pursuant to 28 U.S.C. § 1404(a), transferring this action to the District Court in Newark, New Jersey.

It was commenced to recover damages, for alleged breaches of contract of construction jobs in New Jersey.

The movant's affidivit states that except for the residence of the plaintiff in New York, everything concerning this suit lies within the State of New Jersey. The defendant, a New Jersey corporation, contracted with the New Jersey Highway Authority to do work on certain of its highways. The plaintiff was sub-contracted to supply necessary labor, equipment, materials, supervision, grading, etc. to fulfill certain obligations of the main contract. The Authority has not accepted the work under this project, and one of the reasons is that the plaintiff has not properly fulfilled its obligation, pursuant to the sub-contract. All witnesses necessary to defend this action are located in New Jersey and Pennsylvania, and all contracts, documents, and specifications are in New Jersey. These documents are voluminous, and must be pro-

duced in this action. The movant has been notified by the New Jersey Department of Transportation that the work of the plaintiff is faulty and there will be substantial back-charges as a result of this faulty work. The improper work will have to be done over and completed to the satisfaction of the Authority. Everything involved in this suit relates exclusively in the State of New Jersey. The defendant, a New Jersey corporation, maintains all records there at its place of business. It will have to produce witnesses within and without its employ, together with witnesses of the Authority, located throughout New Jersey. Also voluminous contract documents and job records must be produced in court. Finally, a serious question of law will arise as to the propriety of impleading the New Jersey Department of Transportation in a proper court within New Jersey, pursuant to a statute which has not been judicially construed by any competent New Jersey court.

The opposing affidavit states that all necessary records are within a relatively short distance from this court, and there would be no inconvenience for their production in this district. The easy accessibility to either court is present to all parties, and, therefore, no inconvenience can seriously be urged for this transfer. The transfer would merely shift the inconvenience from the defendant to the plaintiff, who maintains its office and conducts its business from New York. Finally, the affidavit for the transfer has failed to offer any compelling reasons to justify the transfer of this case to Newark.

■ It is well settled that a plaintiff's choice of forum must be given substantial weight and will not be disturbed unless the balance of convenience and the interest of justice weighs heavily in favor of the defendant. *Lykes Brothers Steamship Co. v. Sugarman*, 2d Cir. 1959, 272 F.2d 679; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.

■ The important considerations in determining this motion are the relative eases of access to sources of proof, availability of compulsory process for attendance of willing witnesses, and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil Corp. v. Gilbert, supra.*

■ The affidavit in support of the motion clearly demonstrates that the movant has sustained its position, requesting that this action be transferred to the District Court, Newark, New Jersey.

It is perfectly clear that the entire contract was executed in, and all work to be performed within New Jersey. All questions of law, concerning the rights and obligations of the parties and others, are to be determined by the laws of the State of New Jersey. The greater number of witnesses and sources of proof are all within New Jersey.

The Court, therefore, orders that this action be transferred to the District Court, Newark, New Jersey.

It is so ordered.