NATIONAL SUPER SPUDS,
INC., Plaintiff,

v.

NEW YORK MERCANTILE EX-
CHANGE et al., Defendants.

William R. BUSTER, Jr., Plaintiff,

v.

Jack Richard SIMPLOT et al.,
Defendants.

William R. BUSTER, Jr., Plaintiff,

v.

NEW YORK MERCANTILE EX-
CHANGE et al., Defendants.

Willard C. SHINER et al., Plaintiffs,

v.

NEW YORK MERCANTILE EX-
CHANGE et al., Defendants.

Howard BERENSON, Plaintiff,

v.

Jack Richard SIMPLOT et al.,
Defendants.

Nos. 76 Civ. 2375 (LFM), 76 Civ. 2554
(LFM), 76 Civ. 2571 (LFM), 76 Civ. 2594
(LFM) and 76 Civ. 3210 (LFM).

United States District Court,
S. D. New York.

Jan. 13, 1977.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for defendants Peter J. Taggares, P. J. Taggares Co. and Simtag Farms; by Peter Fleming, Jr., Robert N. Shwartz, New York City, John R. Lewis, Moses Lake, Wash., and Samuel F. Abernethy, New York City.

Maloney, Viviani & Higgins, New York City, for defendants A&B Farms, Inc. and Ed McKay; by Andrew J. Maloney and Arthur J. Viviani, New York City.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant Heinold Commodities, Inc.; by Hugh N. Fryer, Ira G. Greenberg, New York City, Stuart S. Ball, Chicago, Ill., Lawrence H. Hunt, Jr. and Thomas F. Ryan, New York City.

Barrett, Smith, Schapiro & Simon, New York City, for defendant Clayton Brokerage Company of St. Louis.

Dunnington, Bartholow & Miller, New York City, for defendants J. R. Simplot Co., J. R. Simplot, Simplot Industries, Inc. and C. L. Otter.

Rein, Mound & Cotton, New York City, and Cahill, Gordon & Reindel, New York City, for defendant New York Mercantile Exchange, Inc.; by Maurice Mound, William E. Hegarty, Charles Platto and Ruth D. McNaughton, New York City.

Howard Berenson, pro se.

Pomerantz, Levy, Haudek & Block, New York City, Lead Counsel for plaintiffs.

## OPINION

MacMAHON, District Judge.

Defendants Peter J. Taggares, P. J. Taggares Company and Simtag Farms (Tag-

gares), joined by J. R. Simplot, J. R. Simplot Co. and Simplot Industries, Inc. (Simplot), among others, move to transfer these related cases to the Eastern District of Washington, pursuant to 28 U.S.C. § 1404(a). Plaintiffs and defendant New York Mercantile Exchange, Inc. (the Exchange) oppose the motion.

The actions which are the subject of this motion (four consolidated purported class actions and one individual action), among other cases now pending before us, arise out of large-scale defaults on futures contracts for May 1976 Maine potatoes (the May futures contracts). The consolidated purported class actions are brought by plaintiffs on behalf of those who held "long" positions [1] in May futures contracts. They bring these actions against seller-defendants who held "short" positions [2] in May futures contracts, broker-defendants (who represented the seller-defendants) and the Exchange (on which the contracts were traded).

The complaint alleges that the seller-defendants, Taggares and Simplot, among others, in concert with the broker-defendants, engaged in manipulative acts artificially to depress the price of the May futures contracts by refusing to liquidate their short position on or before the final day of trading on the May futures contracts and that the broker-defendants and the Exchange concealed and failed to report and prevent those acts. Plaintiffs claim resulting injury because they were forced to close out or offset their open long positions at artificially low prices. They allege that defendants violated the Commodity Exchange Act, 7 U.S.C. §§ 1 et seq., Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Rules and Regulations of the Commodity Futures Trading Commission, 17 C.F.R. §§ 1.1 et seq. The pro se plaintiff in the *Berenson* individual action makes similar allegations.

The applicable statute, 28 U.S.C. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The criteria relevant to the determination of a motion to transfer include the pendency of other related actions in the same district, the convenience of the parties and witnesses, ease of access to sources of proof, plaintiff's choice of forum, the docket condition of alternative districts, and the interests of justice.[3] The burden is on the movants to make a clear showing that on balance these factors favor transfer.[4]

Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results.[5] In addition to the five cases which are the subject of this transfer motion, there are seven other related cases pending before us involving the trading and default in the May futures contracts, three of which have been brought by the movants here. There is a substantial likelihood that these other cases will involve many of the same issues, witnesses and documents as

---

**1.** Holders of "long" positions are those obligated to buy potatoes in the amounts specified in the contracts.

**2.** Holders of "short" positions are those obligated to deliver potatoes in the amounts specified in the contracts, unless they offset by purchasing "long" an equivalent number of May futures contracts.

**3.** See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Henn Associates, Ltd. v. Schiavone Const. Co.*, 401 F.Supp. 494, 495 (E.D.N.Y.1975); *Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392, 393–94 (S.D.N.Y.1975); *Scheinbart v. Certain-Teed Products Corp.*, 367 F.Supp. 707, 709 (S.D.N.Y. 1973).

**4.** See *Allied Int'l Products, Ltd. v. Textron Indus., Inc.*, 382 F.Supp. 210, 212 (S.D.N.Y.1974); *Scheinbart v. Certain-Teed Products Corp.*, supra, 367 F.Supp. at 707–08.

**5.** See *Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Pesin v. Goldman, Sachs & Co.*, supra, 397 F.Supp. at 393; *Berger v. Winer Sportswear, Inc.*, 394 F.Supp. 1110, 1119 (S.D.N.Y.1975).

the cases which the movants seek to have transferred. A transfer under such circumstances is unwarranted for it would defeat the interests of justice by the resulting duplication of effort, waste of judicial resources and infliction of needless inconvenience, burden and expense upon the parties and witnesses.

■ The other relevant criteria do not clearly favor transfer and do not counterbalance the strong policy of litigating related claims in the same forum. The convenience of the parties would not be served by transfer. The location of the members of the purported class is in dispute; plaintiffs claim they are located primarily in the North East, while defendants contend they are scattered nationwide. We think plaintiffs' position is more likely correct, but it is clear, in any event, that Washington is not more convenient for the class. We also note that New York is more accessible than Washington. Although the seller-defendants are located in the North West, Taggares, and Simplot, the principal seller-defendants, and Heinold Commodities, Inc., a short broker, have filed actions now pending before us in this district challenging activities of long buyers and thus should not be inconvenienced by the retention in this tribunal of all these related actions.[6] The broker defendants have their principal places of business in New York, St. Louis and Chicago and therefore Washington is not more convenient for them than New York. The Exchange is located only in New York.

■ The movants have not met their burden of detailing the names and location of potential witnesses and the substance of their testimony;[7] therefore, on the record before us, we cannot say that the convenience of the witnesses would be served by transfer. This conclusion is strengthened by the fact that, in addition to the parties, a number of witnesses from the North East, particularly Maine, may be called because one of the major issues will be the available supply and fair market price of Maine potatoes during the relevant period and because defendants have challenged activities of the long buyers in the North East in their answers by way of counterclaims and affirmative defenses. In addition, this forum should provide easier access to any documents or other sources of proof that may be required because the offices of the broker-defendants and the Exchange are located primarily in the North East.

■ Plaintiffs' choice of forum is significant in a class action where it appears preferable to other forums in administering the action and protecting the class.[8] The burden of administering these actions and protecting the class should be less in New York than in Washington because New York is more accessible and the class is probably located predominantly in the North East.

■ Finally, however clear the docket of the Eastern District of Washington, we are confident that the condition of our docket will permit us to try the case as soon as the parties are ready to proceed. In addition, a Special Master has been appointed to supervise all discovery and other specified pretrial matters which should reduce the burden to all parties and expedite the disposition of all the related cases.

We need not reach the issue of whether jurisdiction over the Exchange could be established in Washington, a prerequisite to

---

6. See *American Home Assur. Co. v. Insular Underwriters Corp.*, 327 F.Supp. 717, 719 (S.D. N.Y.1971).

7. See *Riso Kagaku Corp. v. A. B. Dick Co.*, 300 F.Supp. 1007, 1010 (S.D.N.Y.1969); *Jenkins v. Wilson Freight Forwarding Co.*, 104 F.Supp. 422, 424 (S.D.N.Y.1952); cf. *Shulof v. Westinghouse Elec. Corp.*, 402 F.Supp. 1262, 1264 (S.D. N.Y.1975).

8. See *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 526, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *Saperstone v. Kapelow*, 279 F.Supp. 781, 783 (S.D.N.Y.1968).

transfer under 28 U.S.C. § 1404(a),[9] since we have determined that the balance of convenience and the interests of justice do not favor a transfer to that state.

Accordingly, defendants' motions to transfer these cases to the Eastern District of Washington are denied.

So ordered.

9. See *Hoffman v. Blaski*, 363 U.S. 335, 342–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Relf v. Gasch*, 167 U.S.App.D.C. 238, 511 F.2d 804, 807 (1975); *Foster-Milburn Co. v. Knight*, 181 F.2d 949, 952–53 (2d Cir. 1950); *Glicken v. Bradford*, 204 F.Supp. 300, 303 (S.D.N.Y.1962) (in multi-party case, jurisdiction and venue must be proper as to all defendants before court can transfer action).