**LEIF HOEGH & CO., A/S d/b/a Hoegh Lines, Plaintiff,**

v.

**ALPHA MOTOR WAYS, INC., and Mark J. Stofan, Defendants.**

No. 81 Civ. 0939 (JES).

United States District Court, S. D. New York.

March 18, 1982.

Hill, Betts & Nash, New York City, for plaintiff; Lionel Rene Saporta, New York City, of counsel.

Rivkin, Leff, Sherman & Radler, Garden City, N. Y., for defendants; Michael O'Sullivan, Garden City, N. Y., of counsel.

SPRIZZO, District Judge:

Plaintiff, a Norwegian corporation, commenced this diversity action in February, 1981 seeking to recover the fair market value and fair market rental value of a 20 foot trailer (the "container") which plaintiff delivered to defendants at their request and which defendants have failed to return.

Defendants' verified answer to plaintiff's amended complaint did not assert the defense of improper venue. On November 5, 1981, some four months after filing their verified answer, defendants moved to dismiss the complaint on the ground that venue was improper or, in the alternative, to transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404 (1976).

In respect of their motion to dismiss, defendants contend that plaintiff has alleged that the loss or theft of the container occurred in New Jersey,[1] and that, since none of the parties is a New York resident, venue is patently improper.[2] Plaintiff maintains that defendants' failure to raise the defense of improper venue in their verified answer constitutes a waiver of any objection that defendants may have had thereto.

In support of their alternative motion for a transfer of venue defendants point to a variety of contacts with the State of New Jersey including the following: it is the residence of both defendants; defendants allege the loss or theft of the container to have occurred there; defendants' insurance carrier is based in New Jersey; witnesses who may have knowledge leading to the last known whereabouts of the container are located in New Jersey; and the president of the corporate defendant may retain a New Jersey attorney. Plaintiff, on the other hand, argues that this cause of action has significant contacts with New York inasmuch as the container was delivered to New York, custody passed to defendants in New York and the plaintiff's general agent, counsel and some of its witnesses are located in New York. Plaintiff also points out that its choice of forum is entitled to substantial weight in the context of a motion for transfer of venue on grounds of convenience, and maintains that it is no more inconvenient for defendants to appear in New York than for plaintiff to appear in New Jersey.

█ Assuming arguendo that venue was improper in the first instance, Fed.R.

---

1. Plaintiff denies ever having made such an allegation and maintains that the cause of action accrued in New York where defendants took delivery and custody of the container.

2. 28 U.S.C. § 1391(a) (1976) provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

Civ.P. 12(h)(1)(B) provides that the defense of improper venue is waived if it is neither raised in a pre-answer motion nor included in a responsive pleading or an amendment thereto permitted by Rule 15(a) to be made as a matter of course. Defendants in this case did not file a Rule 12 motion before answering. In view of that circumstance and their failure to raise the defense of improper venue in their verified answer, this Court finds that venue has been waived. *Concession Consultants, Inc. v. Mirisch,* 355 F.2d 369, 371 (2d Cir. 1966); *United States ex rel. Flemings v. Chafee,* 330 F.Supp. 193, 195 (E.D.N.Y.1971), *aff'd,* 458 F.2d 544 (2d Cir. 1972), *rev'd on other grounds sub nom.,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973). However, while defendants have waived their right to assert improper venue as a defense, they are not thereby precluded from moving for a transfer of venue on grounds of forum non conveniens. *Snam Progetti S.P.A. v. Lauro Lines,* 387 F.Supp. 322 (S.D.N.Y. 1974).

The disposition of a motion to transfer venue based on the convenience of the parties and witnesses and in the interests of justice is committed to the sound discretion of the trial court. In exercising its discretion, a district court must consider a variety of factors including the convenience of the parties, the convenience of material witnesses, the cost of obtaining the presence of witnesses, the availability of process to compel the presence of unwilling witnesses, the place where the material events occurred, the relative accessibility of proof, plaintiff's choice of forum and the interests of justice in general. *Troyer v. Karcagi,* 488 F.Supp. 1200 (S.D.N.Y.1980); *National Super Spuds, Inc. v. New York Mercantile Exchange,* 425 F.Supp. 665 (S.D. N.Y.1977); *Flintkote Co. v. Allis-Chalmers Corp.,* 73 F.R.D. 463 (S.D.N.Y.1977).

Upon consideration of all the facts and circumstances, this Court finds that defendants have failed to demonstrate that this action should be transferred to New Jersey. Plaintiff has chosen to proceed in this district,[3] its witnesses are located here and defendants have made no showing that they or their witnesses will be subjected to significant inconvenience or unreasonable cost by having to travel to New York[4] especially in view of the proximity of the two jurisdictions. This is moreover, not a case where transfer of venue is indicated in the interests of justice. Proof is not inaccessible in New York and transfer is not required to obtain the testimony of an unwilling, material witness who is not amenable to service of process in New York. Finally, in view of the fact that this case is rapidly approaching a ready trial posture, considerations of judicial economy and efficiency clearly militate against transfer. For the foregoing reasons, defendants' motion for a transfer of venue is denied.

---

**3.** A plaintiff's choice of forum is generally entitled to great weight on a motion for transfer of venue unless the operative facts underlying the cause of action have no material connection with the forum state. *Credit Alliance Corp. v. Nationwide Mutual Ins. Co.,* 433 F.Supp. 688 (S.D.N.Y.1977); *Foster v. Litton Indus., Inc.,* 431 F.Supp. 86 (S.D.N.Y.1977). This Court finds that the delivery and transfer of custody of the container in New York provides a sufficient material connection with this forum.

**4.** The Court notes that mere inconvenience to counsel is not an appropriate factor to consider on a motion for transfer of venue on grounds of convenience. *Vaughn v. American Basketball Ass'n,* 419 F.Supp. 1274, 1277 (S.D.N.Y.1976).