**DURHAM PRODUCTIONS, INC., Plaintiff,**

v.

**STERLING FILM PORTFOLIO, LTD., SERIES A, Defendant.**

No. 82 Civ. 27 (MP).

United States District Court, S. D. New York.

May 6, 1982.

Allan Chamson, New York City, for plaintiff.

Rouhana & Trinko, New York City by Curtis V. Trinko, New York City, for defendant.

## OPINION

MILTON POLLACK, District Judge.

The defendant moves for an order dismissing the complaint for insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(4) and for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, defendant moves for an order transferring this action to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1404(a), based primarily on the pendency of an earlier commenced action there by this defendant and another party against this plaintiff and another party which action, defendant claims, subsumes the instant litigation. For the reasons stated hereafter the motion to dismiss is denied and the motion for a transfer is granted.

The underlying action is a suit by plaintiff, Durham Productions, Inc. ("Durham"), for sums allegedly advanced to defendant, Sterling Film Portfolio, Ltd., Series A ("Sterling"), in connection with the release of a motion picture named "The Inheritance". The action was originally filed in the Supreme Court of the State of New York but was removed to the federal court on the basis of diversity. Defendant Sterling is a limited partnership formed under the Ohio Limited Partnership Act with its principal place of business in Cleveland, Ohio. The plaintiff is a New York corporation.

### The Instant Litigation

Plaintiff initiated an action in the Supreme Court of the State of New York on December 4, 1981, by delivering a copy of

the summons and verified complaint to the available occupant at the time, the 12 year old son of William Derrick, Jr., the remaining general partner of defendant Sterling, at Derrick's home in Ohio. The complaint alleged that during the year 1977 the plaintiff had advanced sums of money totalling $98,668.70 to the defendant for the production of a motion picture called "The Inheritance". Plaintiff further alleged that the advances had been pursuant to a loan agreement and were to have been repaid by the defendant to plaintiff after the picture was produced and distributed. The picture was produced and distributed.

The defendant Sterling removed that action to this court on January 4, 1982.[1]

*The Earlier Filed Action*

On October 23, 1981, the defendant Sterling along with its remaining general partner William Derrick, filed a complaint in the Northern District of Ohio against the plaintiff herein, Durham, as well as against Raymond Homer, who at one time was the other general partner of Sterling but was expelled April 4, 1981; Homer is the owner and/or controlling shareholder of Durham. The complaint alleged breaches by Durham and Homer of their fiduciary duties and asked for an accounting of funds collected by Durham and Homer on behalf of Sterling.

The Ohio complaint alleged that Sterling owned a film entitled "The Inheritance", that the distributor of the film was one S.J. International Pictures, Inc., ("S.J."), and that Sterling eventually instituted suit against S.J. for breach of the distribution agreement by the failure to provide periodic accountings, expense computations, revenue reports and so forth. That suit ended in a settlement agreement negotiated by Homer under which certain monies were to be paid by S.J. to Sterling and certain promissory notes assigned to Sterling. Homer appointed Durham the collection agent for these payments.

The Ohio complaint went on to allege that the settlement agreement was breached by S.J.; that Homer and Durham were negligent in pursuing relief for that breach; that they wrongfully commingled funds payable out of the settlement agreement; and that they refused to make an accounting for those monies. Other fiduciary breaches were also alleged: that Homer had an interest over and above the general partner interest in the income stream of "The Inheritance" that he did not disclose to Sterling; and that Homer and Durham failed to prepare the financial statements for Sterling from 1977—1980 and the income taxes for Sterling in 1979 and 1980, even though defendants controlled the books and records of the plaintiff.

*The Applicable Law*

28 U.S.C. § 1404(a) provides:
For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Factors to be considered in determining whether to transfer an action include the convenience of the parties, access to the sources of proof, the governing law and plaintiff's choice of forum. The burden is on the party asking for a transfer "to make a clear showing that on balance these factors favor transfer." *National Super Spuds, Inc. v. New York Mercantile Exchange*, 425 F.Supp. 665, 667 (S.D.N.Y. 1977). Pendency of related actions in the transferee forum is also an important factor as "[l]itigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous [sic] litigation and inconsistent results." *Id.* Further, "[a]bsent unusual circumstances, the party filing first should be free from 'the vexation of concurrent litigation' ". *Gold Eagle Co. v. LI*, 486 F.Supp. 201, 204 (N.D.Ill. 1980).

---

1. The action was originally assigned to Judge Lowe as the Judge had before her a case involving some of the same parties but concerning a different film. Upon Judge Lowe's determination that this action was not a related case, it was reassigned to this Court.

*A Transfer is Appropriate*

■ It is undisputed that the threshold factor for a transfer under 28 U.S.C. § 1404(a), i.e. that the action could have been brought originally in Ohio, is met here. Plaintiff denies, however, that the Ohio action is related to the New York suit and further contends that it tried to serve Sterling as early as September of 1981 but could not reach William Derrick at his home or place of business to serve the papers on him.

■ An examination of the Ohio and New York complaints and the relevant motion papers reveals that the two actions hinge upon the same factual nuclei.

Sterling's defenses to Durham's charge of non-repayment of advances are that Durham gave only oral notification of any monies it spent, that Durham gave no description or detail of the expenses allegedly attributable to the "advances" and that therefore the money could have represented reimbursement for money utilized by Durham for other business ventures. Sterling further asserts that Durham owed Sterling monies it had collected on Sterling's behalf, and that pursuant to the partnership agreement any loans made by Homer through Durham to Sterling were payable only out of the partnership revenues, of which there were none.

Thus the factual issues common to these actions are, among others; the nature of the relationship between Durham and Sterling with respect to the production of the film and the settlement agreement with S.J. In each case there is a question whether there was a fiduciary relationship between the two entities and whether "advances" from Durham to Sterling represent payments for funds withdrawn from the settlement agreement or from other assets and used for other business ventures. In each suit there is the question of what

Durham did with the funds it collected on Sterling's behalf.

In short, Durham's entitlement to any monies advanced to Sterling in 1977 in connection with the film "The Inheritance" cannot be justly evaluated without determining whether Durham must account for monies it received on Sterling's behalf in connection with the settlement agreement with the distributor of "The Inheritance"— i.e., this action is subsumed within the earlier Ohio one.

Durham's contention that it tried to serve Sterling before the Ohio suit was instituted does not affect this result since William Derrick was under no duty to ensure that Durham could serve him and the fact remains that the Ohio action is the earlier one. Several other factors also favor transfer. Sterling and Derrick are residents of Ohio, Sterling was formed under the limited partnership law of the State of Ohio, its business records are kept there, and Ohio law would apply to the contracts at issue. There are, in addition, five related cases regarding these parties pending in the Northern District of Ohio including the Ohio action discussed here, and thus it is clear that it would pose no great burden on Durham to also pursue this claim there and would in fact avoid much duplicative litigation.

*The Motion to Dismiss is Without Merit*

■ Defendant claims that there was insufficient service of process because the summons and complaint was left with a 12 year old boy who is not a person of "suitable age and discretion" as required by N.Y. C.P.L.R. § 308(2) (McKinney Supp.1982). No showing was made that Derrick's son did not possess the intelligence to deliver the papers to his father and the Court refuses to dismiss this claim on that ground.[2] Defendant's motion to dismiss un-

---

2. Defendant also claims that N.Y.C.P.L.R. § 308(a) was not complied with in that neither Derrick nor Sterling received a copy of the summons and complaint in the mail, and no proof of service was filed by plaintiff with the Clerk for the Supreme Court of The State of New York within 20 days as required by the

rule. However, in cases removed from state court, where "process served proves to be defective, such process may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. There are no allegations that the federal rules for service of process were not

der Fed.R.Civ.P. 12(b)(6) must also be denied as it is premised upon disputed issues of fact.

Accordingly, defendant's motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(4) and 12(b)(6) are denied and its motion that this action be transferred to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a) is granted and the Clerk is instructed to proceed therewith.

SO ORDERED.

complied with here. *See DiCesare-Engler Productions, Inc. v. Mainman Ltd.*, 421 F.Supp. 116 (W.D.Pa.1976).