The **UPJOHN COMPANY**, Plaintiff,

v.

**GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, et al.,** Defendants.

Civ. A. No. 82–1019.

United States District Court, District of Columbia.

Feb. 23, 1984.

---

Edward J. Beder, Jr., Robert N. Sayler, Covington & Burling, Washington, D.C., for plaintiff.

Stephen A. Trimble, Patrick Kavanaugh, Hamilton & Hamilton, Washington, D.C., for defendant General Acc. Ins. Co. of America.

James E. Rocap, II, Miller, Cassidy, Larroca & Lewin, Washington, D.C., for defendant Aetna Cas. & Sur. Co.

Thomas M. Susman, Ropes & Gray, Washington, D.C., George Marshall Moriarty, John T. Montgomery, Ropes & Gray, Boston, Mass., for international defendants.

### STATEMENT OF REASONS

BARRINGTON D. PARKER, District Judge.

On September 10, 1982, this Court entered an order transferring this proceeding to the District of Connecticut in "the interest of justice" pursuant to 28 U.S.C. § 1404(a). In entering that order the Court ruled on basis of the memoranda submitted by the parties and did not hold a hearing. The order did not explain fully the reasons for the decision to transfer. Immediately thereafter, plaintiff Upjohn Company filed a petition for a writ of mandamus in our Court of Appeals seeking to vacate the transfer order.

On January 14, 1983, a panel of the Court of Appeals issued an order deferring a ruling of Upjohn's petition pending receipt of a further statement of reasons in support of the transfer order. On January 28, 1984 this Court held a hearing to afford

the parties an opportunity to be heard on the motion to transfer as well as to avail itself of the opportunity to be informed by the parties of the progress of a similar and related on-going proceedings in the District Court of Connecticut, *Aetna Casualty & Surety Co. v. Abbott Laboratories, et al.,* Civil H82–243 (D.Conn.). Upjohn is a defendant in the Connecticut proceeding and at the January 28th hearing all parties agreed that the events which have transpired since this Court's September 10, 1982 transfer order should be considered and taken into account. No trial date has yet been set in the Connecticut litigation.

■ This Court has reviewed the record and considered oral argument and representations of counsel and submits the following statement of reasons and findings in support of the September 10, 1982 order of transfer to the District of Connecticut.

On February 26, 1982, Aetna Casualty & Surety Company ("Aetna") filed an action against Upjohn and eight policy holders (all drug manufacturers) in the District of Connecticut. Aetna sought a declaration of rights and responsibilities under contracts of primary liability insurance issued by Aetna to Upjohn and the other defendants with specific reference to claims arising out of injuries allegedly caused by the synthetic estrogen product Diethylstilbestrol ("DES"). Seven insurance carriers including The London Defendants have been also involved as third party defendants.

Shortly thereafter, on April 13, 1982, Upjohn filed the proceeding in this Court seeking declaratory relief against its primary liability insurers, General Accident Insurance Company of America ("General Accident") Aetna and numerous underwriters operating out of London as excess liability insurers (The London Defendants). Upjohn sought a declaration with respect to the same issues, and many of the same policies, which were before the Connecticut District Court.

The issues of law and fact in the District of Connecticut proceeding and in this proceeding are substantially similar. The central legal issue is the same, namely, what

event triggers coverage for DES injury claims under the policies at issue in these cases. Both actions require the court to determine when the "injuries" allegedly caused by DES "occurred" within the meaning of the policy.

When Upjohn filed the proceeding in this Court, Aetna then moved on April 29, 1982, in the District of Connecticut to enjoin Upjohn from continuing to prosecute the District of Columbia action. On June 7, 1982, arguments were heard on Aetna's motion by Judge Jose A. Cabranes. Upjohn argued that the District of Columbia was a preferable forum because it needed "relief with respect to our other primary carrier, General Accident, and we need relief with respect to our significant excess carriers. We have sued all of them in Washington." Transcript of Hearing, p. 42 (attached as Exhibit C to the London Defendants' Reply to the Plaintiff's Opposition to Transfer). Upjohn's counsel expressed concern that the two District Courts could reach inconsistent results. "Indeed, we could get a result up here as to the year 1959 that would bind Aetna and would not bind the excesses right behind Aetna for the very same year." Transcript, p. 43. Finally, counsel stated "we want a decision as soon as possible, and we want a decision that binds all our carriers at once." Transcript p. 45. Judge Cabranes challenged Upjohn to explain why the issues raised in this action could not be joined in the first filed action in Connecticut and expressed his willingness to have the entire coverage dispute determined in Connecticut, commenting that "I haven't heard yet that there is any insurmountable obstacle to bringing all of those parties or issues before the court, if you care to do so." Transcript, p. 46.

On July 16, 1982, the London defendants moved in this proceeding to transfer this action to the District of Connecticut pursuant to 28 U.S.C. § 1404(a). The reason asserted was that transfer would avoid unnecessary duplication of judicial resources and insure a consistent, comprehensive resolution to the Upjohn coverage dispute. They have not argued that the "conve-

nience of the parties and witnesses" would be served significantly by transfer.

On August 19, 1982, Judge Cabranes enjoined Upjohn from pursuing the action in this Court as against Aetna.

In ruling on Aetna's motion, Judge Cabranes rejected Upjohn's arguments that (1) Upjohn's choice of forum is controlling, (2) litigation in the District of Columbia can be completed more efficiently and (3) the District of Columbia is a more convenient forum. Transcript of Opinion, pp. 50–56 (attached as Exhibit B to the London Defendants' Reply to Plaintiff's Opposition to Transfer).

Upjohn ceased the prosecution of its claims against Aetna in this Court following Judge Cabranes' ruling. Thus the District of Connecticut is at present the forum in which a consistent, comprehensive resolution of the Upjohn insurance coverage dispute can be achieved as to both primary and excess policies.

There is no meaningful connection, for purposes of transfer pursuant to Section 1404(a), between the parties to this action and the District of Columbia. None of the parties has its principal place of business here. There is no evidence that the insurance contracts at issue were solicited, purchased, negotiated, sold or delivered here.

The parties do not dispute that this action "might have been brought" in the District of Connecticut. There is no evidence of any difference in this case between Connecticut and the District of Columbia with regard to subject matter jurisdiction, personal jurisdiction or venue.

At the January 27, 1984 hearing counsel for the parties represented that since entry of September 10, 1982 transfer order the Connecticut action has proceeded expeditiously before Judge Cabranes. Docket entries in the Connecticut proceeding support their representations. Judge Cabranes has been involved to a significant degree in the management of the Connecticut action. A series of seven pre-trial orders and a series of orders regarding substantive and procedural issues have been entered.

On July 11, 1983, the Connecticut Court denied motions for partial summary judgment filed by a number of parties, including Upjohn. That Court has approved stipulations dismissing the London defendants and several drug manufacturers from the action. Detailed discovery among the parties is now substantially complete. The discovery has been subject to a protective order which prevents non-parties to the action from obtaining access to the products of discovery. On June 4, 1984, arguments are scheduled on any dispositive motions filed by March 26, 1984. No trial date has been set in the proceeding.

When Aetna's motion to enjoin Upjohn from proceeding in this Court against Aetna was heard in the Connecticut proceedings, Judge Cabranes expressed the view that this entire insurance coverage dispute could be determined in a single action in the District of Connecticut. Should this proceeding be transferred, it appears most likely that it would be consolidated with the ongoing litigation so far as reasonable and necessary for the expeditious handling of the two proceedings. Indeed, the Federal Rules of Civil Procedure, Rule 42(a) provides for a "joint hearing or trial of any or all of the matters in issue."

Consolidation would avoid duplication of effort and expense. It would also facilitate the use in this action of depositions, interrogatories, and document production already completed in the first-filed Connecticut action. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of timing, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960). "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pretrial proceedings and discovery and avoids duplicitous litigation and inconsistent results." *National Super Spuds, Inc. v. New York Mercantile Exchange*, 425 F.Supp. 665, 667 (S.D.N.Y.

1977), *appeal dismissed for want of jurisdiction*, 591 F.2d 174 (2d Cir.1979); *accord Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 619 (2d Cir.1968) ("a strong public policy favor[s] the litigation of related claims in the same tribunal"), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Leonhart v. McCormick*, 395 F.Supp. 1073, 1078–1079 (W.D.Pa.1975). Courts have a strong interest in avoiding a "piecemeal and perhaps conflicting determination" of a coverage dispute involving multiple insurers of the same insured. *American Motorists Insurance Co. v. Philip Corey Corp.*, 482 F.Supp. 711, 715 (S.D.N.Y.1980); *see also, Evergreen Park Nursing and Convalescent Home, Inc. v. American Equitable Assurance Co.*, 417 F.2d 1113 (7th Cir. 1969). This public interest cannot be overridden by Upjohn's professed willingness to suffer the risk and inconvenience of conflicting judgments.

The fact that the Connecticut action has been pending for some time does not preclude transfer in the "interest of justice." Indeed, it can be strongly argued that the "interest of justice" weighs heavily for transfer in order to secure a single, coherent consistent judgment covering all of Upjohn's liability insurers.

Support for the transfer of this action is found in a recent decision of Judge Gesell who transferred a similar insurance coverage dispute involving asbestos to the District of Massachusetts. *Eagle-Picher Industries, Inc. v. American Employers Insurance Company*, 557 F.Supp. 225 (D.D.C., 1983). Eagle-Picher, had filed the action in this jurisdiction with respect to certain excess insurance policies. The District of Massachusetts had already entered judgment on similar issues with respect to Eagle-Picher's primary and certain other excess policies. That judgment was affirmed. *Eagle-Picher Industries v. Liberty Mutual Insurance Company*, 682 F.2d 12 (1st Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 1279, 75 L.Ed.2d 500 (1983). Judge Gesell transferred the action to the District of Massachusetts in the "interest of justice" for several of the very same reasons which apply here.

The insurance contracts issued by the London defendants contain a so-called "service of suit" clause in which the underwriters agree to submit to suit in "any court of competent jurisdiction within the United States." The London defendants have not raised any technical objection to venue or service of process. The service of suit clause does not foreclose transfer under the 'interest of justice' criteria of Section 1404(a) which involves "public interests that must be weighed by the district court; they cannot be automatically outweighed by the existence of a purely private agreement between the parties." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757–58 (3rd Cir.1973). A consent to jurisdiction clause does not bar transfer where the interest of justice and convenience of witnesses would be served by transfer. *AAMCO Automatic Transmissions, Inc. v. Bosemer*, 374 F.Supp. 754 (E.D.Pa.1974). A party's agreement does not deprive the court of "the power to change venue if the interests of justice require a transfer." *National Equipment Rental, Ltd. v. Sanders*, 271 F.Supp. 756, 762 (E.D.N.Y.1967).

It is clearly recognized that the decision whether to consolidate will be decided by the transferee court, depending on the posture of that case at the time this case is received by it, after giving due consideration to whatever additional discovery is needed, the necessary time required, and the trial date when set. But even without consolidation, the considerations listed above remain applicable, due to the familiarity of the Connecticut court with the theories, facts developed, and legal issues. In short, judicial economy would be achieved.

The motion of the defendants to transfer this proceeding to the District of Connecticut is granted for the reasons stated above.