**PROFESSIONAL ASSOCIATION TRAVEL SERVICE, INC., Plaintiff,**

v.

**ARROW AIR, INC., et al., Defendants.**

**Civ. A. No. 84–2599.**

United States District Court,
District of Columbia.

Nov. 20, 1984.

Richard Leidl, Butler & Binion, Washington, D.C., for plaintiff.

Richard Leidl, Butler & Binion, Washington, D.C., for PATS.

Lawrence D. Wäsko, O.D. Ozmet, Seamon, Wasko & Ozmet, Washington, D.C., for Arrow Air.

John M. Nannes, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C., for Connecticut National Bank.

James J. Bierbower, Bierbower & Bierbower, Washington, D.C., Alvin B. Davis, Steel, Hector & Davis, Miami, Fla., for Southeast Bank, N.A.

Harvey A. Levin, Freedman, Levy, Kroll & Simonds, Washington, D.C., for Frank B. Hall & Co.

John Perazich, Matthew S. Watson, Perazich & Watson, P.C., Washington, D.C., Robert C. Keilson, Clayton P. Knowles, Jr., New York City, for Northwestern National Insurance and Value Vacations.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

*Background*

The Professional Association Travel Services, Inc. (PATS) filed suit in this district to recover damages on behalf of its clients who contracted with Value Vacations, Inc. PATS has alleged breach of contract in violation of federal law. Defendants have filed the following dispositive motions:

Arrow Air, Inc. has filed a motion to dismiss for lack of personal jurisdiction and improper venue;

Connecticut National Bank has filed a motion to dismiss Complaint and a motion to transfer or stay proceedings;

Frank B. Hall & Co. has filed a motion to dismiss and for reasonable expenses including attorney's fee;

Northwestern National Insurance Company and Value Vacations, Inc. have filed motions to dismiss or in the alternative transfer this action to the Southern District of New York or stay this action;

Southeast First National Bank has filed a motion to dismiss complaint.

Oral argument was heard on November 15, 1984. At that time, this Court granted the motion to transfer this case to the United States District Court for the Southern District of New York but declined to rule on defendants' other motions. This

opinion supplements the Court's ruling from the bench.

*Analysis*

■ As previously stated by the Court, venue is inappropriate in the District of Columbia. Pursuant to 28 U.S.C. § 1406(a) this Court may, in the interest of justice, transfer a case to any district in which an action could have been brought.[1] Upon review of defendants' motions and plaintiff's opposition thereto, this Court found that a transfer of this case to the Southern District of New York would be in the interest of justice for the following reasons:

A class action is pending in the Southern District of New York arising out of similar if not the same facts and circumstances at issue in the complaint herein. All the defendants herein except Hall are defendants in the New York case.

A transfer of this case would eliminate the possibility of inconsistent findings of fact and conclusions of law with respect to the same issues.

A consolidation of this case with the New York action would reduce the burden of duplicative and wasteful discovery, and the New York class action would provide a more appropriate disposition of this case.

At oral argument plaintiff's counsel argued that a transfer is premature since a class has not been certified in the New York action. Counsel also noted that if this action is transferred, plaintiff may find itself named as a defendant because as a travel agency it was responsible for selling the tickets which form the basis of the claim in this action.

Defendants note that the decision on whether to certify the class will be determined shortly and that the class shall constitute all ticket holders who were damaged by the alleged breach of contract. Defendants also note that there have not been any travel agents named as defendants in this dispute and it is not probable that any travel agents will be named as defendants.

Plaintiff argues that this case should not be transferred to New York because its customers will elect to opt out of the class action. However, at oral argument this Court noted that the customers in question may not be permitted to opt out in order to file suit in a separate action. Plaintiff dotes that there is a related matter on appeal from the Civil Aeronautics Board now pending in this Circuit. Disposition of this matter, plaintiff argues, would provide precedent in this jurisdiction and would be binding in the case at bar. These arguments are not persuasive when weighed against the overwhelming considerations to the contrary. Hence, it is in the interest of justice to transfer this action.

Defendants argue that this Court should rule on all of the dispositive motions—particularly the motions challenging jurisdiction—before transferring this action. However, in *Goldlawr v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962), the Court held that the language in 28 U.S.C. § 1406(a) is broad enough to authorize the transfer of cases whether the court in which it was filed had personal jurisdiction over the defendants or not.[2]

■ This Court has based its decision to transfer this action on 28 U.S.C. § 1406(a). However, assuming *arguendo* that this Court has personal jurisdiction over the instant action and venue is proper in this district, this Court would nevertheless transfer this action pursuant to 28 U.S.C.

---

1. 28 U.S.C. § 1406(a) states that:
   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

2. *See also Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 164–65 (3rd Cir.1980) (transfer is proper even though the transferor state lacks personal jurisdiction); *Davis v. Costa-Gavras,* 580 F.Supp.

1082 (S.D.N.Y.1984). "A court 'has power to transfer [a] case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district, if a transfer would be in the interest of justice' ... The transferor court may act under either Section 1404(a) or 1406(a) to transfer an improperly venued action." *Id.* at 1086 (brackets in original, quotation and citations omitted).

§ 1404(a). The Court is aware that the burden of establishing that an action should be transferred is on the moving party. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Koster v. Lumbermans Mutual Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). Upon consideration of defendants' motion to transfer and plaintiff's opposition thereto and after oral argument, this Court finds that defendants have met that burden.

In *Upjohn v. General Acc. Ins. Co. of America,* 581 F.Supp. 432 (D.D.C.1984), the Court instructs that:

'[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different district courts lends to the wastefulness of timing, energy and money that § 1404(a) was designed to prevent' [;] ... 'litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pretrial proceedings and discovery and avoids duplicitous litigation and inconsistent results.' *Id.* at 435 (quoting *Continental Grain Co. v. Barge RBL–585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), and *National Super Spuds, Inc. v. New York Mercantile Exchange,* 425 F.Supp. 665, 667 (S.D.N.Y.1977), respectively).

*Conclusion*

There is a class action pending in New York raising quite similar claims. A consolidation of these cases will avoid inconsistent findings and will—for the reasons previously discussed—be in the interests of justice and will provide for a single, coherent, consistent judgment.